## MATSON NAVIGATION CO. v. HANSEN.

### No. 10186.

Circuit Court of Appeals, Ninth Circuit.

Dec. 12, 1942.

488

Herman Phleger, Maurice E. Harrison, Brobeck, Phleger & Harrison, and Robert E. Burns, all of San Francisco, Cal., for appellant.

Andersen & Resner, of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court, sitting without jury, awarding to appellee Hansen, an able bodied seaman, damages against appellant for injury to appellee's hand, held to be caused by the acts of appellant in requiring him to work in an unsafe place on appellant's steamer, the Mauna Lei.

The appellant does not question the amount of damages appellee suffered, but claims there is not sufficient evidence to support the court's findings.

■ All but one of the witnesses to the accident and conditions prevailing, including the chief mate under whose orders Hansen was working at the time of the injury, testified before the district court. The sufficiency of the findings is to be considered here with reference to the provision of Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[1]

The vessel had encountered heavy weather shortly after leaving San Francisco on its voyage to Honolulu, which disarranged a deckload of steel "I" beams. A part of the district court's findings concerning the safety of appellee's place of work, is as follows:

"4. * * * said steel deck load shifted, fell over, and became uneven, with the result that it was very difficult and unsafe to walk on and over the said steel deck load. That said defendant did not provide a safe walk-way over said deck load;

"5. That shortly prior to the injuries sustained by plaintiff he was working on the starboard side of the forward masthouse paying out a guyline; that in said vicinity there was a considerable amount of oil on the deck and that oil was on said deck load; that in carrying out his duties at said time and place, plaintiff was ordered by his superior to go to the starboard rigging and adjust a block; that he adjusted said block; that in returning to his place of duty, and while walking over said cargo of steel, and due to the negligent and careless manner in which steel was maintained aboard said vessel by said defendant, and the said oil on said beams and around the vicinity in which plaintiff was working, plaintiff, without any fault, carelessness or negligence on his part, slipped and fell and in so falling his hand became fouled in a moving line and was carried into a block, with the resulting injuries, as aforesaid."

■ The complaint invokes the provisions of the Jones Act, 46 U.S.C.A. § 688, and the question is whether the place in which appellee was required to work was reasonably safe in the circumstances existing at the time. Obviously, the test of reasonable safety varies with the prevailing conditions. No liability flows from requiring a sailor to perform his necessary sailor's duties with the ship rolling and lurching in a heavy storm, even though he may be injured from a fall caused by a wave sweeping across the deck. Yet the owner would be liable if, instead of performing some necessary duty, he were injured when sent by the mate across the same wave swept deck to rescue the ship's cat. The test is whether the requirement of the sailor is one which a reasonably prudent superior would order under the circumstances. American Pacific Whaling Co. v. Kristensen, 9 Cir., 93 F.2d 17.

There is ample evidence from which the district court could infer that the displaced deckload of steel beams, upon which appellee was required to walk in performance of orders in connection with the raising of the cargo booms to be ready to discharge cargo at Honolulu, created an unusually rough uneven and broken surface; that on it there was grease in sufficient quantity to make slippery the edges of the disarranged beams; that the ship had a moderate roll and that, in the rolling, appellee

[1] "Findings * * * shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

slipped when walking across the beams, sought to sustain himself by grasping the line then moving in the pull of the winch, and had his hand injured when drawn into the block through which the line ran.

Appellant claims that while at sea it was customary to employ the sailors in the operating of raising the cargo booms from their deck fastenings to a position alongside the mast, to have them ready to discharge cargo at Honolulu, and that it was proper to employ appellee in such a customary manner. However, the custom does not cover the case of such working of the crew after a storm has so disarranged the deck cargo, which is also made slippery by grease. There was no need so to raise the booms in a rolling sea and the operation could have waited the smooth waters of Honolulu harbor. Even there, the presence of grease would warrant the inference that appellee's working place was unsafe. The district court's finding of negligence is supported by the evidence.

The court also found that the steel beams had been negligently stowed, and appellant claims the evidence does not sustain such a finding. We consider this issue irrelevant. If the beams, properly stowed, so had been disarranged by a storm, it would have been nonetheless negligence to require the appellee to walk over them in the conditions found by the court.

Judgment affirmed.