UNIVERSAL PICTURES CO., Inc., v. CUMMINGS.

No. 10954.

Circuit Court of Appeals, Ninth Circuit.

Sept. 26, 1945.

Loeb & Loeb and Joseph L. Lewinson, all of Los Angeles, Cal., for appellant.

Joseph J. Cummins, Roth & Brannen, and David H. Paltun, all of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

This suit was brought by appellee to cancel a contract of employment entered into between the parties on November 21, 1938. On May 29, 1943, appellee notified appellant of his election to terminate the contract because of appellant's alleged breach in failing and refusing to pay appellee's salary when due. Appellant denies the breach and contends that the contract still exists. The facts and circumstances leading to the controversy are set out below.

On or about April 10, 1943, pursuant to the terms of the contract, appellant requested appellee to portray a role in the photoplay entitled "Fired Wife." Appellee, for reasons advanced at the trial, refused to portray this role, and a substitute was engaged by appellant for a period of five weeks and two days, commencing April 12, 1943, and ending May 18, 1943. For this breach by appellee, appellant elected to suspend appellee for an equivalent period

of five weeks and two days, to withhold his compensation for such period, and to extend the term of his employment under the contract for an equivalent period of five weeks and two days.

On May 26, 1943, the first pay day after May 18, 1943, appellee appeared at the usual place for his salary check for the period following the completion of the role by the substitute, for which period he contends he was entitled to his usual compensation. Payment was refused. Whereupon appellee, on May 29, 1943, notified appellant of his election to terminate the contract.

Appellant contends that appellee continued to fail, refuse and neglect to perform his contractual obligations after May 18, 1943, that his suspension was continued indefinitely while such alleged refusal and failure to perform continued, and that his compensation was withheld for that reason. Appellee denies that he was in default, for the reason that no demand was made by appellant at any time after April 10, 1943, that appellee report to appellant in connection with any other picture or for any services pursuant to the contract. Appellant admits that no further demand was made after April 10, 1943, but contends that appellee should have presented himself, without request or demand, to signify his readiness and willingness to perform. Such overt act is not required by the contract. From the findings of fact, based on a careful consideration of the evidence by the trial court, we think the appellant is in error.

The trial of this case took six days. Both parties were ably represented by counsel. The trial judge made very careful and considered findings and concluded specifically that:

"It is *not* true that as a direct result or any result of plaintiff's representations and/or conduct as alleged in defendant's answer and/or any of its amendments or as a direct result or any result of any plaintiff's representations and/or conduct defendant believed that it was plaintiff's intention to devote 100% of his time to the Civil Air Patrol or to the U. S. Army or other similar pursuits other than his obligations under the contract and would not report to the defendant at all and it is *not* true that defendant believed it would be a useless and idle act to make plans and expend money for the preparation of productions and roles in which plaintiff's unique and artistic talent would fit and it is *not* true that defendant believed it would be a useless and idle act to offer further roles to plaintiff until plaintiff informed defendant that he had changed his plans or was willing to comply with the terms and conditions of his contract. It *is* true that on the expiration of May 19, 1943, the suspension of plaintiff by reason of his failure, refusal and neglect to report to the studio on April 12, 1943 had terminated, and that defendant did, after the expiration of the 19th day of May, 1943, have full and complete right to require plaintiff to perform his obligations under his contract and that upon the expiration of said 19th day of May, 1943, plaintiff's rights to compensation under said contract were fully restored." [Emphasis added.]

These are the findings of a judge who had the advantage of hearing the testimony and judging the credibility of the witnesses. There is nothing in the record to justify a reversal of these findings.[1]

In this case appellee is not seeking future benefits or damages, but is merely asking to be relieved of further performance and obligation under an employment contract by reason of the refusal of his employer to pay his compensation thereunder. Such neglect or refusal by the employer to pay the agreed compensation justified abandonment by the servant.[2] Appellee's salary was his most important right under this contract. A continued suspension and refusal to pay appellee's compensation, coupled with a continuous extension of the contract for like periods and a prohibition within the contract against appel-

[1] Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Idaho Min. & Mill. Co. v. Davis, 9 Cir., 123 F. 396, 397; Columbia Graphophone Co. v. Searchlight Horn Co., 9 Cir., 236 F. 135; Vineyard Land & Stock Co. v. Twin Falls Oakley L. & W. Co., 9 Cir., 245 F. 30, 33; Occidental Life Ins. Co. v. Thomas, 9 Cir., 107 F.2d 876; Stimson et al. v. Farrant et al., 9 Cir., 132 F.2d 363, certiorari denied 319 U.S. 751, 63 S.Ct. 1164, 87 L.Ed. 1705; Matson Navigation Co. v. Hansen, 9 Cir., 132 F.2d 487.

[2] 39 C.J. § 77; Canal Co. v. Gordon, 6 Wall. 561, 18 L.Ed. 894; Phillips Construction Co. v. Seymour, 91 U.S. 646, 23 L.Ed. 341; Guerini Stone Co. v. P. J. Carlin Const. Co., 248 U.S. 334, 39 S.Ct. 102, 63 L.Ed. 275.

988

lee's right to offer his services to any other employer could deny to this appellee forever the right to work at his profession and earn a livelihood. A rescission of this contract would leave the parties where they were. The appellant has no immediate plans for utilizing appellee's services. Appellee claims no future compensation or damages. Under the circumstances in this case, the evidence presented and the findings made, equity impels the conclusion that the decision of the lower court be affirmed.