[Civ. No. 15395.   First Dist., Div. Two.   May 14, 1953.]

GEORGE A. SMITH, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Andrew Bodisco and George L. Cooke for Appellant.

Dion R. Holm, City Attorney, and Clayton W. Horn, Deputy City Attorney, for Respondent.

NOURSE, P. J.—Plaintiff sued for personal injuries caused by a collision with a municipal bus operated by defendant. The verdict was for defendant and plaintiff appeals.

The accident happened at about 6 p. m. of a dark night and during a heavy rain. Plaintiff had stood under a shelter at the northwest corner of Post and Larkin Streets in San Francisco before crossing Post Street in a southerly direction. When the automatic signal turned green in his favor he speeded to the curb and walked rapidly into the pedestrian crosswalk. He was there struck by the middle or right side of the very slowly moving bus at a point estimated by witnesses as between 4 and 8 feet from the northerly curb. The bus, which was fully lighted, had been making a left turn from Larkin Street at the southeast corner of the intersection into Post Street. Plaintiff knew the intersection and the turn there made by the buses well. He was wearing a brown suit and hat. The latter he had pulled down to protect his face from the rain. He did not look to the left after he left the curb and he noticed the bus only when it was approximately at one arm's length distance from him. His sight was good. There was evidence that the operator of the bus did not see plaintiff in time due to a partially fogged windshield, the rain and the glare of lights from the street. Only the right half of the windshield was fogged; the left half directly in front of the operator was clear.

Appellant does not contend that the evidence does not support the verdict, correctly so, as the facts stated support an implied finding of negligence of plaintiff proximately contributing to the accident. Appellant's only assignment of error is the giving of an instruction on unavoidable accident. The wording or substance of the instruction given is not criticized but it is contended that no instruction on the subject should have been given because the operator was negligent as a matter of law, having violated section 560(a) of the Vehicle Code, requiring him to yield the right of way to a pedestrian crossing in a marked crosswalk and section 677, Vehicle Code, prohibiting the driving of a motor vehicle when the windshield is in such a defective condition as to impair the driver's vision to the front, whereas said violations

—or at least the violation of section 677—were as a matter of law not excused by the surrounding circumstances.

■ " '[T]he so called defense of inevitable accident is nothing more than a denial by defendant of negligence or a contention that his negligence, if any, was not the proximate cause of the injury.' " (*Scott* v. *Burke*, 39 Cal.2d 388, 401 [247 P.2d 313].) ■ Therefore the giving of an instruction on this matter is not reversible error when the question whether the injury was proximately caused by negligence of the defendant is for the jury to decide. (See *Parker* v. *Womack*, 37 Cal.2d 116, 122 [230 P.2d 823].)

■ Normally whether or not a violation of a statute proximately contributed to an accident and whether the violation was excusable or justifiable remain questions of fact for the jury. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 590 [177 P.2d 279]; *Driver* v. *Norman*, 106 Cal.App.2d 725 [236 P.2d 6].) ■ Appellant contends that in this case there were no such questions for the jury but he cannot be heard to make this assertion on appeal as in the court below he took the opposite position. He did not move for a directed verdict, or request an instruction that defendant's negligence as a matter of law proximately caused the injury, but to the contrary proposed his instructions Nos. 24 and 26, which were given by the court as proposed and which in part were to the effect that the questions whether the driver had violated any of the provisions of the Vehicle Code read to the jury, whether such violation was excused by facts or circumstances in evidence and whether such violation proximately caused the damage complained of by plaintiff were for the jury to determine. (Plaintiff had proposed instructions containing the basic speed law and section 560 of the Vehicle Code, which were read, but no instruction on section 677 of said code, which accordingly was not read.) To the instructions which submitted these questions to the jury the instruction on unavoidable accident was a normal complement and under the doctrine of invited error (if any) appellant cannot complain. (*Miller* v. *Dollar Steamship Lines, Inc.*, 19 Cal.App.2d 206, 212 [64 P.2d 1163]; *Ray* v. *Kennedy*, 24 Cal.App.2d 583 [76 P.2d 147]; *Cedzo* v. *Bergen*, 53 Cal. App.2d 667, 675 [128 P.2d 683]; *Rivera* v. *Goodenough*, 71 Cal.App.2d 223, 231 [162 P.2d 498].)

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.