[Civ. No. 15602.   First Dist., Div. Two.   Feb. 16, 1954.]

MacARTHUR TAYLOR, a Minor, etc., et al., Appellants, v. WARREN L. JACKSON, Respondent.

James A. Johnstone and William B. Mead for Appellants.

Theodore Tamba for Respondent.

NOURSE, P. J.—MacArthur Taylor, a minor, through his mother, Clara Taylor, as his guardian ad litem, brought suit for injuries suffered when he came in contact with defendant's automobile. Clara Taylor joined in said suit her cause of action for medical and hospital expenses incurred in the treatment of the injuries of her son. The jury rendered a verdict for defendant and plaintiffs appeal.

The accident happened in or near the intersection of West Street and 37th Street in Oakland. The streets intersect at right angles, West Street running north and south, 37th Street east and west. West Street has one traffic lane for

each direction. Defendant was proceeding southward on West Street in the direction of and across 37th Street. In front of him his lane was free of traffic, but in the northbound lane was a solid line of cars stopped because of a traffic light at the next cross-street to the north of 37th Street, MacArthur Boulevard. This line extended bumper to bumper from MacArthur Boulevard south far across 37th Street. The minor plaintiff, then 5 years old, tried to cross West Street from east to west, running from between the stopped cars into the southward bound lane. There is a conflict in the evidence as to the exact place where the child tried to cross, whether in the southerly unmarked pedestrian crosswalk across West Street at the 37th Street intersection or somewhat to the south of it, defendant and his wife, who was with him in his car, testifying that the place of impact was to the south of the crosswalk, two eyewitnesses to the effect that it was in the southerly part of said crosswalk.

There was further strong evidence that the child came running from between two stopped cars and took only a few running steps, probably not more than two, after he emerged from between these cars until he was hit by the left forefender of defendant's automobile. Defendant testified that he looked left and right when he came to the southern crosswalk of the intersection but did not see the child; he was going 15 to 20 miles an hour; he got only a sudden glimpse of the child when he saw his head and shoulders over the top of his left fender. He immediately braked, approximately at the same time as the impact occurred. The skid marks were measured to be 23 feet. The street was dry. It was daylight with clear visibility.

Appellants' main contention is that the evidence is insufficient, as a matter of law, to support a judgment for respondent, because it shows as a matter of law that defendant violated section 560 subdivision (a) of the Vehicle Code which requires the driver of a vehicle to yield the right of way to a pedestrian crossing within any marked or unmarked crosswalk at an intersection, the violation of which section constitutes negligence *per se* (*Nicholas* v. *Leslie*, 7 Cal.App.2d 590, 594 [46 P.2d 761]; *Fischer* v. *Keen*, 43 Cal.App.2d 244, 249 [110 P.2d 693]). That violation of section 560 subdivision (a) by failure to yield the right of way is considered negligence *per se* is true and the rule of said section is in some cases even extended to pedestrians crossing just without the bound-

ary of a crosswalk (*Nicholas* v. *Leslie, supra,* at page 595; *Woods* v. *Eitze,* 94 Cal.App.2d 910, 917 [212 P.2d 12]).

"However, though violation of a statute imposing a standard of care may be negligence as a matter of law, circumstances still may be shown in excuse or in justification of such conduct." (*Driver* v. *Norman,* 106 Cal.App.2d 725, 727 [236 P.2d 6].) In that case appellant, driver, hit a pedestrian crossing within an unmarked crosswalk. The driver, who closely followed another car, saw the pedestrian only when the first car suddenly swerved to avoid striking her. Appellant also swerved but nevertheless hit her. The court further said: "Prima facie, appellant herein was negligent in violating Vehicle Code, section 560, but from the evidence introduced it was still a question for the trier of fact as to whether his conduct in failing to yield the right of way was not that of any ordinarily prudent person. (Citation.)

"Under all the circumstances the jury could properly have determined that appellant was not negligent in failing to yield the right of way since his vision was obscured by the Cadillac which preceded him. For the same reason, his failure to see respondent might be excused since she appeared suddenly from in front of the other vehicle. At the least, the evidence is not such that the court is impelled to say reasonable men could and must draw only the inference of negligence. Under such circumstances, violation of a statute is not negligence *per se* proximately contributing to the accident. (Citation.)"

In the case before us the jury could properly come to the same conclusion because of the sudden appearance of the running child from between the stopped cars, and from the evidence that the accident did not occur in a crosswalk. Whether under these circumstances the violation of the statute was excusable was a question of fact for the jury (see, also, *Smith* v. *City & County of San Francisco,* 117 Cal.App.2d 749, 751 [256 P.2d 999]) and we cannot disturb its implied conclusion where it can reasonably be drawn from the evidence.

Appellants' further grievances relating to errors in instructions are without merit. Appellants first complain of an instruction with respect to the effect of possible negligence of Clara Taylor, allegedly given at the request of defendant. The transcript does not show that any instruction like the one attacked has been given. Next appellants urge that the following instruction given: "I instruct you that MacArthur Taylor cannot, by reason of his age, be guilty of any contribu-

tory negligence," is misleading because it could be inferred from it that he might be guilty of contributory negligence by reason of some other feature than his age. No reasonable man could so understand the instruction. The clear meaning of the instruction is that the minor could not be held guilty of contributory negligence. Another instruction to the same purport which appellants asked to be included in the transcript is merely repetitious. █ It is contended that the court's alleged failure to instruct that violation of section 560, subdivision (a), Vehicle Code is negligence *per se*, as requested by plaintiffs, constituted prejudicial error. The court gave the following instruction: "You are instructed that any violation of the provisions of the Vehicle Code of the State of California to be read to you shortly is presumptively an act of negligence, and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances." Among the sections read was section 560, subdivision (a). This instruction sufficiently covers the subject of negligence *per se.*

After the cause was submitted for decision the appellants filed their motion to augment the record to show that defendant's proposed instruction Number 15 was given. The record shows that the proposed instruction was not given and the parties are in dispute as to that fact. However, assuming that it was given it was not reversible error. The mother sued separately for medical and hospital expenses. █ The disputed instruction advised the jury that if the mother was guilty of negligence in allowing the child to be in the street unattended their verdict must be in favor of the defendant. The appellants now argue that this means that neither the mother nor the child could recover because of the mother's contributory negligence. We do not so interpret the instructions. Both parties were suing separately for damages. The defendant was entitled to instructions covering every phase of both causes of action. It is generally impossible to cover all issues in one instruction, particularly when two separate causes of action are being tried. Here the proposed instruction, assuming that it had been given, correctly stated the law as to the mother's complaint.

The motion to augment the record is denied. The judgment is affirmed.

Dooling, J., and Kaufman, J., concurred.