45 Wn.2d 577 (1954)
277 P.2d 344
REGNA P. HANSON, Appellant,
v.
LINCOLN FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.[1]
No. 32916.
The Supreme Court of Washington, Department One.
November 26, 1954.
Kennett, McCutcheon & Soderland and Robert C. Wells, for appellant.
Eggerman, Rosling & Williams, Joseph J. Lanza, and Paul C. Gibbs, for respondent.
OLSON, J.
This is an action for damages for personal injuries. At the conclusion of plaintiff's case before a jury, the court sustained defendant's demurrer to her evidence and dismissed the action. She has appealed.
Plaintiff entered defendant's lobby on business. She was walking on a rubber mat which was about five feet wide *578 and of sufficient length to extend through the room. As she stepped from the mat to go about ten feet to a customer's counter, she slipped and fell on the waxed, asphalt-tile floor adjacent to the mat. She was then seventy-five years of age.
[1] The parties agree that defendant was not an insurer of plaintiff's safety. Also, that its duty to her was to maintain its floor in reasonably safe condition for her use, considering the nature of its business and the circumstances surrounding the particular event. Wardhaugh v. Weisfield's, Inc., 43 Wn. (2d) 865, 869, 264 P. (2d) 870 (1953), and case cited.
We have searched the record for evidence or reasonable inferences from the evidence which, considered most favorably to plaintiff, could sustain a verdict that defendant was negligent. We can find none.
[2, 3] Neither the fact that plaintiff slipped and fell nor the fact that the floor was waxed, of itself, establishes or permits an inference of negligence. Kalinowski v. Y.W.C.A., 17 Wn. (2d) 380, 391, 135 P. (2d) 852 (1943), and cases cited. This also is true of the presence of a rubber mat over a portion of the waxed floor. Nothing more is shown in this case. The entire floor of the lobby was level. It had not received a new application of wax for eight days before plaintiff's accident. There is no evidence that an improper kind of wax was used, or that the wax used was applied improperly, or that any slippery material had accumulated on the floor where plaintiff fell. No fact is shown which would support a finding that the floor was so smooth that it actually was dangerous. See Knopp v. Kemp & Hebert, 193 Wash. 160, 163, 74 P. (2d) 924 (1938). There is no evidence of any unusual condition tending to show that defendant reasonably should have foreseen that one using the floor in the exercise of ordinary care would be exposed to danger. We are unwilling to agree with plaintiff's contention that substandard conduct can be established by combining and totaling acts which meet reasonable standards.
The following language from Engdal v. Owl Drug Co., 183 Wash. 100, 102, 48 P. (2d) 232 (1935), is pertinent here:
*579 "It is not the law that every accident establishes a cause of action warranting recovery by the injured party. Accidents often occur for which no one is to blame." Any verdict to the contrary, upon the evidence in this case, necessarily would rest upon the insufficient foundation of speculation and conjecture.
The judgment is affirmed.
GRADY, C.J., MALLERY, HAMLEY, and FINLEY, JJ., concur.
NOTES
[1] Reported in 277 P. (2d) 344.