[No. 32942. Department One. December 16, 1954.]

FLOYD E. HENDRICKSON, *Appellant,* v. CARL J. BRILL *et al.,* *Respondents.*[1]

*Jerry S. Holdaway* and *Wayne R. Parker,* for appellant.

*N. A. Pearson* and *Kenneth M. Elliott,* for respondents.

FINLEY, J.—This is an action for damages against the operators of a dance hall, arising out of a fall on the dance floor when plaintiff Hendrickson slipped or stumbled because of some liquid or sticky substance allegedly spilled and allowed by the operators to remain on the dance floor.

■■ The operator of a dance hall is not an insurer of the safety of his patrons, but is under the duty of keeping

[1]Reported in 278 P. (2d) 315.

his premises in a reasonably safe condition. To recover in the instant case, the plaintiff's evidence must show that the condition complained of was known to the operators of the dance hall, or had existed for such time as would have afforded the operators a sufficient opportunity, in the exercise of reasonable care, to have become cognizant of and to have removed the danger. *Mathis v. H. S. Kress Co.*, 38 Wn. (2d) 845, 232 P. (2d) 921; *Smith v. Manning's, Inc.*, 13 Wn. (2d) 573, 126 P. (2d) 44.

In the *Mathis* case, we said:

"It is incumbent upon the appellant *to produce evidence tending to prove* that the respondent *had constructive notice of the dangerous condition.* . . . *Liability cannot be predicated upon conjecture.*

"Assuming, as we must, that the liquid was on the floor, and that an employe of the respondent was a few feet away, *this alone does not prove negligence*, since there is an absence of proof as to how long it was there. . . . The liquid could have fallen on the floor immediately preceding the accident, and *at least some appreciable time must have been shown to have elapsed before constructive notice can be inferred.*" (Italics ours.)

Plaintiff and two of his witnesses testified that they saw no foreign substance on the dance floor until after the accident occurred. Mrs. Brill, one of the operators of the dance hall, testified that she had no knowledge of any foreign substance on the dance floor; furthermore, that none was discovered or known by her at the time of the accident, or later in the evening after the dance when the premises were cleaned up. Plaintiff produced no evidence that any employee of the dance hall knew of the existence of a foreign substance on the floor.

This case involves constructive notice and turns on the question of whether the plaintiff's evidence, and all reasonable inferences therefrom construed most favorably to him, showed that some foreign substance was on the dance floor for a sufficient time to constitute constructive notice.

Plaintiff testified that after the accident he saw something on the floor but did not touch or place his hand

in it. His testimony was not entirely clear as to whether the substance was water or a spilled drink of some kind. From his testimony, it is not clear as to whether the spot where he slipped or stumbled was sticky, wet, or merely moist. His dancing partner testified:

"I can't say my dress was very wet. It was just dirty and gummy on the back from where people had been going through the spot."

In essence, the foregoing indicates the testimony of the plaintiff relative to the foreign substance allegedly on the dance floor and the time that it had been there before the fall.

The trial judge expressed some doubt as to whether the case should be submitted to the jury, but submitted it on instructions relative to the question of how long the foreign substance, if any, had remained on the dance floor. The jury returned a verdict for the plaintiff. The trial court granted a motion for judgment n.o.v. The plaintiff appealed, and has assigned error to the trial court's action (a) in granting the motion for judgment n.o.v., and (b) in failing to enter judgment for the plaintiff on the verdict of the jury.

■ Viewing the evidence in the light most favorable to the plaintiff, we are convinced that it leaves in the realm of speculation the answer to the question of how long the alleged foreign substance remained on the dance floor prior to the fall. Consequently, the trial court must be and is hereby affirmed.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.