[Civ. No. 16245. First Dist., Div. Two. May 18, 1955.]

AMANDA HUGHES, a Minor, etc., et al., Appellants, v. FRANK MELVIN MacDONALD et al., Respondents.

*Assigned by Chairman of Judicial Council.

MacInnis, Alaga & Glassman, James Martin MacInnis, Nicholas Alaga and Harry P. Glassman for Appellants.

Keith, Creede & Sedgwick for Respondents.

NOURSE, P. J.—Amanda Hughes, an infant about 1½ years old, brought suit through her father as guardian *ad litem* for injuries suffered when she came in contact with defendant MacDonald's automobile. Her father, joining in the action, sued for expenses incurred for her treatment. They appeal from a judgment entered on an adverse verdict.

On the morning of the accident MacDonald was driving his car in the course of his employment as a salesman and collector for the other defendant east along the south side of Montana Street, where he had to make a collection from Mrs. Lengyel at No. 71. When in passing he saw her on a lawn to the west of her home near No. 75, the Hughes' home, he made a U-turn at the corner, came back and, crossing over from the north side to the south side of the street, parked his car in front of the Hughes' home with the left front wheel against the curb and headed against the direction of the traffic. Mrs. Hughes was then with her back to the street cutting grass on a little lawn before her home, and according to her, Amanda was sitting next to her putting grass into a cardboard box. Three more little children, one of Mrs. Hughes and two of Mrs. Lengyel, were playing on the lawns and the sidewalk not directly at the curb. Mrs. Lengyel went to the car and told MacDonald to come back for the collection the next week. While she was speaking to him her youngest boy came to the car and, just when MacDonald was going to start, began tinkering with the lid of the gas cap in back on the rear fender. Mrs. Lengyel, looking to the rear of the car, told the boy to get away because the car was going to start. The boy then ran back, and according to MacDonald's testimony Mrs. Lengyel also backed away from the car, making a motion back with her arms by her side, which signified to him that the children were clear. He saw children behind her arms, not in front of her and thought

he saw the same number of children he had seen when he came. Mrs. Lengyel testified that she did not recall but that she could have made such a motion. MacDonald looked in his rear view mirror and seeing nothing, backed his car about 2 feet to clear the curb and then moved forward very slowly. After he had moved forward 5 or 6 feet he heard an unusual sound. He stopped his car and called to the women, who were back at work on the lawn again. Mrs. Lengyel turned and called out that it was Amanda. She picked up Amanda about 5 feet out from the sidewalk. Mrs. Hughes had not missed Amanda; she thought the child was next to her. According to her, only one or at most two minutes elapsed between MacDonald's arrival and Mrs. Lengyel's exclamation. When MacDonald examined his car he found a slight smudge on the back of the right rear fender towards the bumper. The police report of the accident says that the child "somehow became entangled with the right rear fender or bumper." MacDonald testified that after the accident Mrs. Hughes told him twice that same day that he should not be upset, that it was not his fault.

Appellants contend that the verdict is not supported by the evidence, because MacDonald was negligent as a matter of law, having violated section 543 of the Vehicle Code, which reads: "No person shall start a vehicle stopped, standing or parked on a highway nor shall any person back a vehicle on a highway unless and until such movement can be made with reasonable safety" and moreover by driving to the left of the road and parking headed against the direction of the traffic in violation of section 525, Vehicle Code, and section 54 of the Traffic Code of San Francisco. These contentions are without merit.

The fact alone that an accident happened does not necessarily prove violation of section 543, Vehicle Code. With respect to section 530 of the same code—which requires for overtaking over the left side of the road, among other things, that said left side be free of oncoming traffic for a sufficient distance ahead to permit such overtaking to be completed "without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken"—it was said in *M & M Livestock Transport Co.* v. *California Auto Transport Co.*, 43 Cal.2d 847, 850 [279 P.2d 13], that said section "does not mean that when passing the conditions must be such that the passer guarantees he may safely pass or that he has necessarily violated the section by failing to

complete the maneuver without accident, that is, the question is not entirely one of hindsight. Essentially the passer is required to act in a reasonable and prudent manner under the circumstances.'' ▪ Whether MacDonald acted in such manner under the circumstances of our case remained for the jury. (*Smith* v. *Harger*, 84 Cal.App.2d 361, 368-369 [191 P.2d 25]; *Hart* v. *Briskman*, 110 Cal.App.2d 194, 201-202 [242 P.2d 341].) Considering among all the circumstances the presence at the car of the mother of some of the children, the warning given by her and the motion she made, the jury could conclude that MacDonald acted as a reasonably prudent man and did not violate section 543. Even if it were held that section 543 contains an element of right of way, not clearly expressed, to the effect that a car starting or backing on a highway must yield the right of way to vehicles and persons moving normally on or across said highway, then still the question whether the failure to yield the right of way was excused under the special circumstances of the case was for the jury and the stated facts would support the finding of an excuse. (*Taylor* v. *Jackson*, 123 Cal.App.2d 199 [266 P.2d 605].)

▪ The undeniable violation of section 525 of the Vehicle Code and section 54 of the San Francisco Traffic Code does not cause liability without proof that defendant's violation of the statute or ordinance proximately caused the injury. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 588 [177 P.2d 279]), and the facts stated certainly support a conclusion that the fact that the car was parked headed against the direction of the traffic did not proximately cause the injury to the child.

▪ Appellants next urge that instructions given by the court which defined the duty of care of pedestrians, of the parties, or of persons in general were erroneous if the jury would apply them to the 1½-year-old plaintiff, too young to owe any duty of care. This is correct. Some of said statements were according to their terms necessarily applicable to the child. It is said that ''a pedestrian . . . at all times . . . must be vigilant . . .'' when the child was the only pedestrian involved, and further that ''Plaintiffs and the Defendant MacDonald were both chargeable with the exercise of reasonable care'' when of the two plaintiffs the child was one. Respondent urges that the above errors were cured by the following instruction also given: ''. . . I instruct you that the law conclusively presumes that a child of the

age of the plaintiff child, Amanda Hughes, namely, one year and six months, is incapable of contributory negligence. Hence you need consider the defense of contributory negligence only in respect to the conduct of the plaintiff's parents.'' Full instructions are then given on possible negligence of the parents and it is clearly expressed that if contributory negligence of the parents were found such would not be a defense against the child and would not bar her recovery.

As a rule material error in the instruction on a principle of law essential to the case is not cured by an inconsistent correct statement in another instruction, because ordinarily it is impossible to determine which of the conflicting rules was followed by the jury. However, such conflicting instructions need not lead to a reversal when a reasonable construction of the instructions as a whole from the standpoint of their probable effect on the jury indicates that it is improbable that the jury was misled and most likely that the correct instruction will have preponderated in the mind of the jury over the incorrect ones. (*Wells* v. *Lloyd,* 21 Cal.2d 452, 458-459 [132 P.2d 471].) We have concluded that the latter applies here. The only point for which the duty of care of the child was of importance was for the defense of contributory negligence and the jury was told expressly that that defense did not apply to the child. (Compare *Finnegan* v. *Royal Realty Co.,* 35 Cal.2d 409, 437 [218 P.2d 17].) Moreover, the rule that a child of 1½ years cannot be negligent because it is unable to take care of itself or others is so obvious to the lay mind that it is inconceivable that the jury should not have followed the express instruction excluding the defense of contributory negligence as to the child, expressly mentioned by name, but should contrary to said instruction have based such defense on the inapplicable instructions as to duty of care which did not expressly name the child. *Dike* v. *Golden State Co.,* 125 Cal.App.2d 6 [269 P.2d 619], can be distinguished because in that case no such express instruction excluding contributory negligence of the infant plaintiff because of its age had been given.

Appellants further contend that the use of the words ''an injured party'' or ''plaintiff'' in the general instructions on contributory negligence was confusing in connection with the above instruction which excluded contributory negligence of the infant plaintiff. The reasoning followed above is *a fortiori* applicable to this grievance. The instructions must be considered as a whole and it is then clear that the instructions

here complained of give general rules normally governing contributory negligence but which in this case are expressly declared not applicable to the infant plaintiff but only to her parents. In this respect the jury cannot have been misled.

Next appellants complain of the refusal of the court to give certain instructions proposed by them with respect to the affirmative duties imposed by law on the defendant. The court marked said instructions "given in substance." One of these instructions (Plaintiffs' No. 7) stated in substance that a greater degree of care is required of the driver of a vehicle when he knows that small children are present because their conduct and the places they will run to are unpredictable, and further that, if the driver has knowledge of the presence of children, "he may be held to have been responsible for their safety, although it appears that he did not see the injured child in time to prevent the injury." The first part of said instruction was fully covered by another instruction given (Plaintiffs' No. 8). ■ Although the language of the second part of the instruction is literally found in *Conroy* v. *Perez,* 64 Cal.App.2d 217, 224 [148 P.2d 680], such language taken from an opinion may not always safely be given as an instruction to a jury. (*Reagh* v. *San Francisco Unified Sch. Dist.,* 119 Cal.App.2d 65, 73 [259 P.2d 43].) The language quoted, which does not mention negligence, could be understood to mean, that knowledge of the presence of children would cause the driver to be strictly liable for injury caused to them and was therefore undesirable. Another instruction, which told the jury in substance that the fact that a driver did not become aware of the presence of a person was no excuse if, by the exercise of ordinary care he could have become timely aware of it, sufficiently stated the idea insofar as it was correct.

The other instruction not given stated the text of section 543 of the Vehicle Code, *supra,* and rules as to its violation as negligence *per se* except when excused by the surrounding circumstances. ■ If a statute specifies the conduct required under circumstances involved in the case the jury must be apprised of said standard by instruction. However, it is doubtful whether section 543, *supra,* establishes any standard more specific than that of the care of a reasonably prudent man. (See 6 Cal.Jur.2d 728; *Smith* v. *Harger, supra,* and compare *M & M Livestock Transport Co.* v. *California Auto Transport Co., supra,* and *Matson Navigation Co.* v. *Hansen,* 132 F.2d 487-488.) Sufficient instructions were given

on the care of a person of ordinary prudence as test for negligence. ██ When other instructions sufficiently cover a statutory duty it is not necessary to instruct, moreover, in the words of the statute (compare *Tossman* v. *Newman,* 37 Cal.2d 522, 525 [233 P.2d 1]). If section 543 was intended to provide any additional rule—we suggested a possible element of right of way—then it was not so clearly expressed that it could be understood by a jury without addition of explanations not proposed by appellant.

██ At any rate, even if the proposed instruction or one in the words of section 543 only, should have been given the omission would not require a reversal under article VI, section 4½ of the state Constitution. The essential issue as to the infant plaintiff was whether MacDonald in starting and backing up used the degree of care required under all the circumstances, among which the known presence of little children. The dangers of such a situation and the degree of care required must be clear to any juror and instructions could do little good. Moreover, good instructions were given on the test of the man of ordinary prudence under all the circumstances, the duty of the operator of a vehicle to keep an intelligent and careful lookout and to become aware of that of which he would become aware by ordinary prudence and on the special care required as to young children. An instruction in the words of section 543 would not have added anything of practical value.

Finally appellant contends that it was error to give an instruction on unavoidable accident because defendant was guilty of negligence *per se* and said negligence as a matter of law was the proximate cause of the injury to the infant. We have rejected the factual basis of this contention hereinbefore. ██ It was for the jury to decide whether the injury was proximately caused by negligence of the defendant, and then the giving of such an instruction is no error. (*Smith* v. *City & County of San Francisco,* 117 Cal.App.2d 749, 751 [256 P.2d 999], and cases there cited.)

Judgment affirmed.

Kaufman, J., and Draper, J. pro tem.,* concurred.

A petition for a rehearing was denied June 17, 1955, and appellants' petition for a hearing by the Supreme Court was denied July 13, 1955.