[No. 34750. Department Two. March 26, 1959.]

LILLIAN PEMENT et al., *Appellants*, v. F. W. WOOLWORTH CO., *Respondent*.[1]

[1]Reported in 337 P. (2d) 30.

*Kennett, McCutcheon & Soderland,* for appellants.

*Ogden & Ogden* and *James A. Murphy,* for respondent.

FOSTER, J.—In this personal injury action,[2] appellants, husband and wife, plaintiffs below, appeal from a judgment for the defendant upon the defendant's verdict, and assign error upon the giving of two instructions and the denial of their motion for new trial upon the same ground.

Appellant wife sued to recover for the damages she sustained as a result of a fall in the respondent's store in Wenatchee, Washington. The complaint alleged that the fall was caused by a slippery spot on the floor which was the result of the respondent's negligent application of a floor preparation called "Myco-Sheen." The respondent denied the pleaded negligence and alleged that the floor preparation was properly applied and that it had no lubricating qualities, but that, on the contrary, it promptly evaporated.

Upon the issue of negligence, the evidence sharply conflicted. Respondent's testimony was that no Myco-Sheen had been applied for a minimum of two weeks prior to the injury. While there was testimony of the presence of cracks between the floor boards and that the floor was porous, nevertheless there was a complete absence of any testimony that the floor compound was absorbed and oozed out on pressure, although the appellant claims that this was a legitimate inference.

The first instruction complained of is as follows:

"You are instructed that the presence of a slippery condition, if any, or the fact that plaintiff fell, or that she was seriously injured would not of themselves warrant a recovery by the plaintiff.

---

[2]Appellant wife was the actor; her husband was a necessary party plaintiff. Therefore, the appellant wife alone is referred to in this opinion.

"Before plaintiff is entitled to recover you must be satisfied, by a fair preponderance of the evidence, that the defendant, when it treated the floor, left on it an excess quantity of Myco-Sheen or other liquid, that such excess quantity of liquid, if any, created a dangerous condition, that it remained upon the surface of the floor and was there at the time that plaintiff fell, and that it was such excess quantity of liquid, if any, that caused the plaintiff to fall."

Appellant's exception was twofold: Respecting the first paragraph of the instruction, it is said that it withdrew from the jury the right to find negligence from the slippery condition of the floor; it is argued that the second paragraph of the instruction withdrew from the jury the right to find liability unless the excess substance remained on the floor at all times, which precluded the jury from finding negligence if the floor preparation oozed out upon pressure.

▪ ■ Appellant's argument on the first phase of the exception is that the "mere presence of a slippery condition is negligence." The trial court correctly ruled that such was not the law.

Firmly embedded in the decisional law of this state is the principle that the slippery condition of a floor does not prove negligence. We said in *Kalinowski v. Y. W. C. A.*, 17 Wn. (2d) 380, 135 P. (2d) 852:

". . . Furthermore, negligence is not proven by showing that the floor had been waxed and as a result was slippery. . . ."

Our other cases are: *Hendrickson v. Brill*, 45 Wn. (2d) 766, 278 P. (2d) 315; *Hanson v. Lincoln First Fed. Sav. & Loan Ass'n*, 45 Wn. (2d) 577, 277 P. (2d) 344; *Mathis v. H. S. Kress Co.*, 38 Wn. (2d) 845, 232 P. (2d) 921; *Knopp v. Kemp & Hebert*, 193 Wash. 160, 74 P. (2d) 924; *Chilberg v. Standard Furniture Co.*, 63 Wash. 414, 115 Pac. 837. The cases in other jurisdictions are in accord.[3]

---

[3]4 Shearman & Redfield on Negligence, 1824, § 798; *Barnes v. Hotel O. Henry Corp.*, 229 N. C. 730, 51 S. E. (2d) 180; *Kitts v. Shop Rite Foods, Inc.*, 64 N. M. 24, 323 P. (2d) 282; *McCann v. Philadelphia Fairfax Corp.*, 344 Pa. 636, 26 A. (2d) 540; *Murrell v. Handley*, 245 N. C. 559, 96 S. E. (2d) 717.

■ The arguments on the second phase of the objection are that the jury was precluded from finding liability unless the excess of the floor preparation remained on the floor at all times, and that it withdrew from the jury the right to find liability upon the ground that the floor was porous and absorbed the floor preparation which oozed out under the pressure of people walking on it. In ruling upon the exception, the trial court observed:

"I don't believe there was any evidence there was a condition in the floor itself which would cause that liquid put there to go in and out of cracks as people walked over them. That would be speculation, would it not?"

The record fully justifies this comment.

Moreover, instructions must be taken as a whole.[4] Appellant's argument completely overlooks instruction No. 5, which is as follows:

"A storekeeper owes to its business invitees a duty to use ordinary care to make the floor of the store reasonably safe for their use, that is, to maintain the floor in such a condition as a reasonably careful and prudent storekeeper would deem sufficient to protect them from danger while exercising ordinary care for their own safety."

The court plainly told the jury that the respondent owed the appellant a continuous duty to maintain its floor in a safe condition.

■ The court instructed upon unavoidable accident, to which the appellant excepted and now assigns error upon the giving of the instruction and the refusal to grant a new trial upon this ground. Appellant does not argue that the instruction is not a correct statement of the law, but that it is not applicable.

Appellant argues:

". . . The only evidence respondent can point to is evidence tending to show that respondent was not negligent. The trial court instructed on unavoidable accident solely on the theory that such issue can properly be injected into any case where the evidence would justify a finding of non-negligence."

[4]*Cote v. Allen,* 50 Wn. (2d) 584, 313 P. (2d) 693; *Patterson v. Krogh,* 51 Wn. (2d) 73, 316 P. (2d) 103; *Qualls v. Golden Arrow Farms,* 47 Wn. (2d) 599, 288 P. (2d) 1090.

The supreme court of California in *Parker v. Womack*, 37 Cal. (2d) 116, 230 P. (2d) 823, reversed the decision of the district court of appeal, 224 P. (2d) 25, granting a new trial upon the precise grounds here urged by the appellant. The supreme court of California held that if there was no claim that the defendant was negligent as a matter of law—that is to say, if the issue of negligence was one of fact for the jury's determination, there was no error in instructing upon unavoidable accident.

Subsequently, in *Hughes v. MacDonald*, 133 Cal. App. (2d) 74, 283 P. (2d) 360, it was held that if the question of proximate cause was for the jury it is not error to instruct upon unavoidable accident.

In *Schouten v. Crawford*, 118 Cal. App. (2d) 59, 257 P. (2d) 88, the court held that if the evidence of negligence was in conflict it was not error to so instruct.

In *Jackson v. Seattle*, 15 Wn. (2d) 505, 514, 131 P. (2d) 172, we said:

"In other jurisdictions, it has been held that an unavoidable accident instruction may properly be given where the evidence is such as to support a finding by the jury that there was no negligence on the part of either the plaintiff or the defendant. In *Sitkei v. Ralphs Grocery Co.*, 25 Cal. App. (2d) 294, 296, 77 P. (2d) 311, the question arose as to whether the trial court committed prejudicial error in instructing the jury as follows: ' "An unavoidable accident is one which occurs without fault or negligence upon the part of any of the parties thereto." ' The court held that the instruction was proper. Accord: *Lehnerts v. Otis Elevator Co.*, 256 S. W. (Mo.) 819."

It is sufficient to say that respondent's evidence, if believed, would have entitled the jury to conclude that respondent was not negligent. Under such circumstances, it was not error to give the challenged instruction.

The judgment is affirmed.

WEAVER, C. J., HILL, DONWORTH, and ROSELLINI, JJ., concur.