459 P.2d 846

Rudy CHAPIN, Plaintiff-Appellant,

v.

Charles W. ROGERS and Kathleen Rogers, his wife, d/b/a Hilltop Drive-In, Defendants-Appellees.

No. 334.

Court of Appeals of New Mexico.

Sept. 26, 1969.

Joe H. Galvan, Las Cruces, for plaintiff-appellant.

J. W. Reynolds, Robertson & Reynolds, Silver City, for defendants-appellees.

## OPINION

OMAN, Judge.

Plaintiff appeals from a judgment for defendants entered pursuant to a jury verdict. He sought damages for injuries allegedly sustained to his person when a stool on which he was seated in the defendants' restaurant broke.

Plaintiff claims error on the part of the trial court in giving its instructions on res ipsa loquitur and contributory negligence. We consider only the instruction on res ipsa loquitur, since we are of the opinion the instruction given by the court is erroneous and requires reversal and remand for a new trial.

No question is presented as to the propriety of the giving of an instruction on the doctrine of res ipsa loquitur, but only as to the correctness of the instruction in the form as given. Plaintiff requested an instruction in the form of New Mexico Uniform Jury Instructions, Civil (U.J.I. 12.14). The request was denied, and the court gave the following instruction, to which plaintiff objected:

"As a basis for a claimed act of negligence, the plaintiff here seeks to invoke the doctrine of 'res ipsa loquitur.' To be entitled to invoke and rely on such doctrine as a basis of claimed negligence, *the plaintiff must establish by a preponderance of the evidence:*

"1. That the instrumentality causing injury was under the sole and exclusive control and management of the defendant;

"2. That injury was proximately caused by such instrumentality;

"3. That the occurrence or event involving such instrumentality was of a kind which ordinarily does not happen in the absence of negligence on the part of the person in sole and exclusive control of the instrumentality, *and that the plaintiff did not participate or contribute to such causation by the failure to exercise due care.*

"If you find by a preponderance of the evidence that all such elements of the doctrine have been established, then you may be permitted—and it is up to you whether or not you do so—to presume or infer negligence; but you are not under an obligation to do so, as any such inference or presumption is merely permissive. And if notwithstanding that the elements of any such doctrine have been met, you choose not to make any such inference, or if you are otherwise satisfied that the defendant used due care in reasonable inspection and maintenance of the stool for its intended use, then plaintiff cannot recover." [Emphasis added].

By Order of the Supreme Court, No. 8000 Misc.Rule of Civil Procedure 51 [§ 21–1–1(51), N.M.S.A.1953] was amended to read in part as follows:

"(c) Use. Whenever New Mexico Uniform Jury Instructions (U.J.I.) prepared by the New Mexico Supreme Court Committee on Uniform Jury Instructions and approved by the Supreme Court for publication contains an instruction applicable in the case and the trial court determines that the jury should be instructed on the subject, the U.J.I. instruction shall be used unless under the facts or circumstances of the particular case the published Uniform Jury Instruction is er-

roneous or otherwise improper, and the trial court so finds and states of record its reasons."

Section 21-1-1(51) (1) (c), N.M.S.A. 1953 (Supp.1969); U.J.I. ch. 19, supra.

The record fails to reflect an express finding by the trial court that U.J.I. 12.14, supra, is erroneous or otherwise improper, and it also fails to contain a statement of reasons by the court why this instruction was not used.

It is plaintiff's position that the failure of the trial court to use U.J.I. 12.14, supra, without finding it to be erroneous or otherwise improper and without stating into the record the reasons for not using it, constitutes reversible error.

The purpose of the Order of the Supreme Court, at least in part, was to make it mandatory upon the trial court to use the U.J.I. instructions in all cases where applicable. The trial court need not use a U.J.I. instruction, even though the court determines the jury should be instructed on the subject thereof, if, and only if, the court finds the instruction to be erroneous or otherwise improper, and states into the record the reasons for not using it. As stated in the Order, the purposes for requiring the use of U.J.I. instructions are " * * * to simplify pleading, practice and procedure in jury trials * * * and * * * promote the speedy determination of jury cases under their merits." Unless the Order is complied with, these purposes cannot be accomplished.

Rule 70.01 of the Missouri Supreme Court Rules, provides in part as follows:

"(b) Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject."

Rev.Stat.Mo.1959, V.A.M.R. Civil Rule 70.01(b) (Supp.1967).

In Brown v. St. Louis Public Service Company, 421 S.W.2d 255 (Mo.1967), the Supreme Court of Missouri held it was mandatory under Rule 70.01(b), supra, that an applicable MAI instruction be given without modification. Any deviation from such an instruction, which does not need modification under the facts in the particular case, is presumed to constitute prejudicial error, unless it is made perfectly clear that no prejudice could have resulted from such deviation.

In Sweatman v. McClure, 416 S.W.2d 665 (Mo.App.1967), the court stated:

"Our Supreme Court has recently made it quite clear that MAI instructions and the notes on use thereof are not merely suggestions, but are mandatory requirements and that failure to follow the instructions and the notes on use will constitute error as is pointed out in Rule 70.01(b), supra. * * *"

Illinois also has a rule comparable to New Mexico Rule 51(1) (c), supra, but, like the Missouri rule, no requirement is made in the Illinois rule that the trial court state into the record the reasons for not using the uniform instructions. See 2 Ill.Rev.Stat. 1967, ch. 110A, § 239. In Seibert v. Grana, 102 Ill.App.2d 283, 243 N.E.2d 538 (1968), the court stated:

"It is only when I.P.I. does not contain a proper instruction on a subject that the court may give another instruction on the subject (Supreme Court Rule 239). * * *

" * * * Approved I.P.I. instructions should be used where applicable unless the court determines that the particular instructions do not accurately state the law."

See also, Cooper v. Cox, 31 Ill.App.2d 51, 175 N.E.2d 651 (1961).

■ In accordance with the holdings of the Missouri courts, and the suggestion by the Illinois courts as to the effect of a failure to use an applicable pattern or uniform instruction, we are of the opinion that a U.J.I. instruction must be used, unless the court finds it to be erroneous or otherwise improper, and states into the record the rea-

sons for not using it. A failure to comply with the Order of the New Mexico Supreme Court.in this regard constitutes reversible error.

Plaintiff also urges that the instruction as given was prejudicial to him in that the language thereof, as above quoted and emphasized by us, placed upon him the burden of establishing by a preponderance of the evidence that he was free of contributory negligence in causing the breaking of the stool. We agree.

■ The trial court, in other instructions, correctly instructed that defendants had the burden of proving their affirmative defense of contributory negligence. Bailey v. Jeffries-Eaves, Inc., 76 N.M. 278, 414 P.2d 503 (1966); Jackson v. Southwestern Public Service Company, 66 N.M. 458, 349 P.2d 1029 (1960); Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540 (1936); U.J.I., 3.1 and 3.2. Plaintiff has no burden of establishing his freedom from contributory negligence. Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289 (1965).

■■ It is true that instructions must be read and considered as a whole, and if so read and considered, they fairly present the issues and the law applicable, they are sufficient. Roybal v. Lewis, 79 N.M. 227, 441 P.2d 756 (1968); American Telephone & Tel. Co. of Wyo. v. Walker, 77 N.M. 755, 427 P.2d 267 (1967); Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968). A mere defect or omission in one instruction may be cured by another instruction. Ortega v. Texas-New Mexico Railway Company, 70 N.M. 58, 370 P.2d 201 (1962). However, an instruction containing a correct statement of the law will not cure a conflicting instruction containing an incorrect statement of the same principle of law. Francis v. City and County of San Francisco, 44 Cal.2d 335, 282 P.2d 496 (1955); Pettingell v. Moede, 129 Colo. 484, 271 P.2d 1038 (1954); Denham Theatre v. Beeler, 107 Colo. 116, 109 P.2d 643 (1941); Bohmont v. Moore, 138 Neb. 784, 295 N. W. 419, 133 A.L.R. 270 (1940); Hughes v.

MacDonald, 133 Cal.App.2d 74, 283 P.2d 360 (1955).

■ Here the instruction on the doctrine of res ipsa loquitur clearly places the burden upon plaintiff to establish by preponderance of the evidence that he "did not participate or contribute" to the accident by his "failure to use due care," before being "entitled to invoke and rely on such doctrine." This is a burden clearly beyond that required by U.J.I. 12.14, supra, and by all the New Mexico cases in which this doctrine has been discussed and applied. Gray v. E. J. Longyear Company, 78 N.M. 161, 429 P.2d 359 (1967); Hisey v. Cashway Supermarkets, Inc., 77 N.M. 638, 426 P.2d 784 (1967); Renfro v. J. D. Coggins Company, 71 N.M. 310, 378 P.2d 130 (1963); Tafoya v. Las Cruces Coca-Cola Bottling Company, 59 N.M. 43, 278 P.2d 575 (1955). See also Atchison, T. & S. F. Ry. Co. v. Simmons, 153 F.2d 206 (10th Cir. 1946).

A number of authorities state as a requisite element or condition for the application of the doctrine that the accident, event, occurrence or condition must not have been due to any voluntary action or contribution on the part of plaintiff. 9 Wigmore, Evidence § 2509 (3d Ed. 1940); Prosser, Torts § 39, at 218 (3d Ed. 1964); Boston & Maine R. R. v. Jesionowski, 154 F.2d 703 (1st Cir. 1946); Ybarra v. Spangard, 25 Cal.2d 486, 154 P.2d 687, 162 A.L.R. 1258 (1944); Palmer v. Clarksdale Hospital, 206 Miss. 680, 40 So.2d 582 (1949); Kahalili v. Rosecliff Realty, 26 N.J. 595, 141 A.2d 301, 66 A.L.R.2d 680 (1958); Corcoran v. Banner Super Market, Inc., 19 N.Y.2d 425, 280 N. Y.S.2d 385, 227 N.E.2d 304 (1967); Rutherford v. Huntington Coca-Coal Bottling Co., 142 W.Va. 681, 97 S.E.2d 803 (Ct.App. 1957); Proctor Electric Co. v. Zink, 217 Md. 22, 141 A.2d 721 (Ct.App.1958); Colla v. Mandella, 271 Wis. 145, 72 N.W.2d 755 (1955). This particular element or condition of the doctrine apparently had its origin in 4 Wigmore, Evidence § 2509 (1st Ed. 1905). See Prosser, supra. It is not expressed in the statement of the doctrine by

**688**

Chief Justice Erle in the famous case of Scott v. London & St. Katherine Docks Co., 3 H. & C. 596, 159 Eng.Rep. 665 (1865), which is the most often quoted statement or definition of the doctrine. See Tafoya v. Las Cruces Coca-Cola Bottling Company, supra; Prosser, supra; Shain, Res Ipsa Loquitur 20 (1945).

However, as above stated, this condition or element has never been included in the definition of the doctrine in New Mexico. Plaintiff cannot properly be required to establish by a preponderance of the evidence " * * * that [he] did not participate or contribute to such causation by the failure to exercise due care," in the face of defendants' burden to establish by a preponderance of the evidence their affirmative defense of contributory negligence.

The judgment must be reversed and the cause remanded with directions to grant plaintiff a new trial.

It is so ordered.

WOOD and HENDLEY, JJ., concur.