No. 12,027.

BABCOCK *v.* BOUTON, ET AL.

Decided March 11, 1929.

Mr. PAUL P. PROSSER, for plaintiff in error.

Mr. ALLEN JOHNSON, for defendants in error.

*Department Two.*

MR. JUSTICE MOORE delivered the opinion of the court.

PARTIES are referred to as they appear in the lower court. Plaintiffs sued on a written contract to recover the sum of $1,500, the consideration agreed therein to be paid by the defendant for the assignment of certain Colorado oil and gas leases. Performance by plaintiffs and defendant's refusal to perform were alleged. A second cause of action was for money paid out by the plaintiffs for certain rentals and recording fees for said leases. A demurrer, for want of facts and that first cause of action affirmatively disclosed that contract sued on was in violation of statute of frauds (section 5107, C. L. 1921), was overruled. Defendant denied the execution of said contract, alleged that the same was void because it violated the said statute of frauds, and denied the charges in the second cause of action. Upon a verdict in favor of plaintiffs on both causes of action in the sum of $1,546.16 and interest, judgment was entered. Defendant's assignment of errors contains 26 specifications.

The first assignment of error is based upon the refusal of court to sustain a general demurrer to the first cause of action. Assuming, but not deciding, because unnecessary, that the contract sued upon violates the foregoing section of the statute of frauds, the complaint is still good against a general demurrer because it contains an allegation of performance on the part of plaintiffs, and, when performance of such a contract is shown, the statute does not apply.

The next 17 assignments involve various contentions that the contract is in violation of said statute of frauds and concerning the admissibility of testimony in connection therewith. Assignments 19, 20 and 21 have to do with the court refusing to give and in the giving of instructions to the jury. Assignments 22 to 26 charge that the verdict was contrary to law; contrary to the evidence; not supported by the law; not supported by the evidence; and that the court erred in overruling the objection of the defendant to the verdict of the jury.

The testimony discloses that the parties entered into an agreement under date of May 29, 1924, the pertinent parts thereof being as follows:

"This agreement, made and entered into this 29th day of May, 1924, by and between George H. Watson and A. B. Bouton, first parties, and J. E. Babcock, second party.

"Witnesseth: That for and in consideration of the sum of fifteen hundred dollars ($1,500.) first parties agree to assign to and deliver to the second party, oil and gas leases on twenty-one hundred and forty (2,140) acres, situated in township four (4) North, range eighty-nine (89), and ninety (90) west of the sixth P. M.

"That on payment of the fifteen hundred dollars ($1,500) second party shall be authorized to insert his own name in the assignment of said leases from George H. Watson and Harry H. Watson.

"Second party represents that he will hold title to said leases in his own name and in the event of any assignment thereof, will assign the same to the Union Oil Company of California."

On the 23rd day of June, 1924, the defendant caused to be transmitted to the plaintiffs a telegram as follows:

"Los Angeles Calif 23 119p

"A. B. Bouton
"410 California Bldg. Denver, Colo.

"Have been negotiating on Watson Leases Beaver Pagoda and can now place same if available same basis deal rejected by Burnham stop can also take on Pueblo northeast quarter thirty-six for sixteen hundred stop if both available consider this new offer and accept same by wire stop upon acceptance by you shall immediately mail one check fifteen hundred another sixteen hundred to Edwin Freeman as escrow agent with instructions as agreed to by us in Denver. Regards.

"Jas. E. Babcock,
"406 Mortgage Guarantee Building."

In response thereto plaintiff Bouton sent the following telegram:

"June 23, 1924.

"J. E. Babcock
"406 Mortgage Guarantee Building,
"Los Angeles, California.

"Your offer on Watson leases Beaver Pagoda accepted. Your offer northeast quarter thirty-six Pueblo accepted.

"A. B. Bouton."

Plaintiffs caused said leases to be assigned to the Union Oil Company of California and recorded on the 24th day of June, the day after the transmission of said telegrams. Plaintiff Bouton testified that he understood the expression in defendant's telegram of June 23, "with instructions as agreed to by us in Denver" to mean the provisions of the contract of May 29, 1924, and the defendant testified that he understood said words to mean the direction given by him to plaintiff Bouton orally in Denver that said leases were to be submitted to Edward M. Freeman for title examination and approval.

Plaintiffs contend that their obligations under the contract were fully complied with and that they are entitled to judgment.

Defendant claims that the contract is unenforcible; that there was no contract in existence because the minds of the parties failed to meet with reference to all the material points thereof; and that this question was not fairly submitted to the jury for its determination.

Both parties concede that, if the contract in question was completely executed, the statute of frauds cannot be invoked.

The following instruction was tendered by the defendant and refused by the court and proper exception thereto taken:

"The court instructs the jury that before there could be a contract between the plaintiffs and the defendant in this case, the minds of all the parties must have come

together or met upon each and all of the terms and conditions of such contract.

"Therefore, if the jury find and believe from the evidence that the defendant honestly believed that the assignments of leases here in controversy together with abstracts of title relating thereto should have been submitted to Mr. D. R. Hawley or to Mr. Edward M. Freeman for their respective approval and examination, and that the plaintiffs both honestly believed that said assignments of leases and abstracts should not be submitted to such attorneys for their examination and approval, then and in that event there has been no such meeting of the minds of all the contracting parties as is required by law, and the plaintiffs are not entitled to recover in this case."

The following instructions, Nos. 2 and 3, were given by the court over the objection and exception of defendant:

"You are instructed that the parties to this suit have a valid legal contract for the assignment of the leases in question, and if you find from a preponderance of the evidence that the plaintiffs have performed their part of the contract in accordance with the terms thereof, it will be your duty to find for the plaintiffs, on their first cause of action.

"You should consider all of the evidence and if from a preponderance thereof you find that plaintiffs were ready, able and willing to comply with the contract and that the defendant has failed, neglected and refused to perform his part of the contract you should find for the plaintiffs."

The ruling of the court thereon is assigned as error.

We are of opinion that the giving of instructions No. 2 and No. 3, and refusal to give the instruction tendered by the defendant, when considered in connection with the evidence and other instructions given, constitute substantial, prejudicial and reversible error. In instruction No. 2, the court said, "that the parties to this suit have a valid legal contract," and in instruction No. 4 the court stated, "the burden of proof is upon the plaintiffs in this

action to show to your satisfaction by a preponderance of the evidence the existence of the contract sued upon." The latter correctly states the law while the former incorrectly denied the jury the right to consider whether said contract was in fact entered into between the parties. Upon the question of performance, instruction No. 7 correctly enunciates the principle "that before the plaintiffs are entitled to recover in this case it is necessary for them to show by a preponderance of the evidence that they actually delivered, or offered to deliver, the assignments of leases here in controversy to the defendant Babcock," while instruction No. 3 incorrectly states that all that is necessary for plaintiffs to do to be entitled to a recovery is to be "ready, able and willing to comply with the contract." These instructions are irreconcilable, misleading and prejudicial. If instructions Nos. 2 and 3 had been omitted, possibly no confusion would have arisen. We believe further, that under the issues and the evidence the instruction requested by defendant and refused by the court was fair to both parties and should have been given, notwithstanding instruction No. 6 covered this matter in part.

Upon a new trial, with proper instructions, if a jury finds the issues in favor of the plaintiffs, necessarily it must find that the contract sued upon existed, and that the plaintiffs performed their part thereof by delivering said leases in accordance therewith. It therefore becomes unnecessary for us to consider other assignments of error.

Accordingly the judgment is reversed, the case remanded with directions that the judgment be vacated, and a new trial ordered in consonance with the views herein stated.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.