AUGUST H. AMSINGER v. ABRAHAM NAJIM, Appellant.—73 S. W. (2d) 214.

Division Two, June 19, 1934.

*Richeson & Richeson, James Booth* and *S. P. McChesney* for appellant.

*Jesse T. Friday* for respondent.

TIPTON, J.—In the Circuit Court of St. Louis, Missouri, the respondent filed suit for personal injuries against Abraham Najim, Phillip Seiling, Jr., and James Cooper. At the close of the testimony in the case a demurrer was sustained as to the defendant Cooper. The jury returned its verdict in favor of the defendant Seiling and against the appellant Najim and in favor of the respondent, assessing his damages in the sum of $20,000. The appellant has duly appealed to this court.

On or about the 20th day of April, 1929, the respondent left his home in South St. Louis, in a Nash car, owned and driven by Seiling, to go to a clubhouse they were redecorating and which was located on Ringer Road. They were driving southward on U. S. Highway No. 61; as they approached Ringer Road, the car in which respondent was riding turned eastward, or to the left, into Ringer Road, and was struck by a Chevrolet car driven by appellant Najim.

The appellant testified he lived in Potosi, Missouri; that he had been in the automobile business for ten years and that he often made trips to St. Louis, Missouri, for Chevrolet cars for his agency. On this trip he took four other men with him to drive back the cars he had purchased. At that time he was driving a car he had bor-

rowed from the defendant, Cooper. He further testified that the car in which respondent was riding turned out from behind a large truck it was following, and immediately in front of the car he was driving. Shortly after this accident and prior to the trial he incorporated his business.

Respondent testified the Nash car driven by Seiling had turned into Ringer Road and the back wheels were about two feet off the pavement of Highway No. 61, when the Chevrolet car struck the right front fender of the Nash and side-swiped it.

Plaintiff was taken to a hospital where his injuries were found to be severe and many of them permanent.

As the appellant does not raise the point that his demurrer should have been sustained, it is not necessary to give a more detailed statement. Other facts will be stated in the course of this opinion.

During the closing argument of respondent's counsel, he said:

"MR. FRIDAY: Gentlemen, there is a circumstance that speaks louder than words in this case, and that was when the defendant Abraham Najim said that he, just a few weeks after this accident, incorporated his business and took everything out of his name and put it in a corporation, and that was done so a judgment against him would be uncollectible."

This was objected to by counsel for the appellant, but the trial court overruled the objection with the following remark:

"THE COURT: Whatever evidence there was, it was not objected to at the time, I will overrule the objection."

The evidence on this point was admitted without objection and was as follows:

"Q. How long have you been in the automobile business? A. Ten years.

"Q At the time of this accident what was the name of the company you were operating down there? A. Chevrolet.

"Q. You called it the Chevrolet Company? A. Yes, sir.

"Q. Or the Najim Motor Company, or something like that? A. Abraham Najim.

"Q. At the time of the accident you were operating as Abraham Najim? A. Yes, sir.

"Q. And what do you call it now? A. Najim Motor Company.

"Q. You are a corporation now, are you? A. Yes, sir.

"Q. You incorporated right after this accident, didn't you? A. Incorporated three years.

"Q. In other words, you incorporated your business just a few weeks after this accident? A. Yes, sir; I incorporated, not from this accident; I always—I told them three years before I am going to do it.

"Q. But you didn't do it until after this accident? A. I was ready to do it before this collision.

"Q. But you didn't incorporate your business until right after the accident, did you? A. Well, after the accident, that's right, as the company, but I told my lawyer for three years I am going to incorporate it."

Respondent in his brief says: "When a person, in business incorporates that business, it necessarily follows that the title to assets of such business is transferred or conveyed to the corporation, which is a separate entity from the individual whose business it formerly was." Of course this statement is true, but it also necessarily follows that when a person incorporates his business the corporation issues to him stock in exchange for the property conveyed to it, and if a judgment is obtained against the owner of the stock; it may be sold under execution to satisfy the judgment. [Secs. 1181, 1182, R. S. 1929.]

The statement that he "took everything out of his own name and put it in a corporation and that was done so a judgment against him would be uncollectible" is not a reasonable inference to be drawn from the evidence but is absolutely contrary to it, and was immaterial to the real issue in the case. The real issue in the case was, were the injuries received by the respondent caused by the appellant's negligence.

In Beer v. Martel, 332 Mo. 53, 55 S. W. (2d) 482, l. c. 484, in an opinion by FRANK, P. J., we said:

"In this character of a case, who the heirs were, where they lived, and their occupation and position in life, were entirely foreign to any issue in the case. It was improper, misleading, and prejudicial to parade before the jury the fact that deceased's heirs, who were not parties to the suit, were big business people and that an effort was being made to get the jury to give them a judgment because of their father's injury and his consequent pain and suffering. Such an argument was wholly beside the issues in the case, and was calculated to mislead and prejudice the jury against plaintiffs. Otherwise stated, the law will not permit counsel in his argument to the jury to make a defense which the pleadings and evidence do not justify.

"The substance of the first objection made to counsel's argument was that it was outside of the record and improper. This objection was overruled and an exception was saved. Appellant contends that the argument was not outside of the record because evidence was introduced, without objection, showing who the heirs were, where they lived, and the business in which they were engaged. Conceding that these facts concerning the heirs are in the record without objection, just as appellant contends, that did not justify counsel in making the argument which he did make. Counsel may properly comment on any fact in the record so long as such comment has a legitimate bearing on any issue in the case; but counsel may not make

an unfair, misleading, and prejudicial argument on immaterial facts which happen to get into the record without objection, and justify the argument on the ground that the facts about which he argued were in the record.''

In a negligence case, the fact that a party conveyed some or all of his property for a consideration after an accident causing an injury and before the trial of the case, would be immaterial to the issue of negligence in the case. It is misleading, improper and prejudicial for the respondent's attorney to tell the jury that the fact that the appellant incorporated his business after the accident, so a judgment against him would be uncollectible, is a fact which speaks louder than words. In effect he told the jury just because the appellant incorporated his business a few weeks after the accident, was an admission on the appellant's part that he was negligent and caused the respondent's injuries. The mere fact that immaterial evidence is admitted without objection, does not justify counsel in making an unfair, misleading and prejudicial argument regarding such immaterial evidence.

In support of respondent's contention that his argument to the jury was not error, we are cited to the following cases: Klein v. Pasch, 153 Minn. 291, 190 N. W. 338; Heneky v. Smith, 10 Ore. 349; Harrod v. Bisson, 48 Ind. App. 549; Chaufty v. DeVries, 41 R. I. 1. These cases hold that a defendant may be asked on cross-examination if he had conveyed his property shortly after the cause of action arose from which liability might be expected, on the theory that such a transaction would be an admission against interest. However, Givens v. Berkley, 108 Ky. 236; Miller v. Cill, 149 Ind. 326; Lucus v. Nichols, 52 N. C. 32, hold that such questions are not proper.

In Hocks v. Sprangers, 87 N. W. 1101, the Supreme Court of Wisconsin held, that where the plaintiff's counsel stated in his opening statement, that the defendant did not put in an answer but immediately proceeded to get rid of his property, and also referred to the same in cross-examining witnesses, such conduct was calculated to arouse the prejudice and passions of the jury against the defendant, so as to warrant a reversal of the judgment.

In 3 Jones' Commentaries on Evidence (2 Ed.), section 1040, page 1915, the author says:

''And it has frequently been held that a suspicious conveyance or incumbrance of property by defendant, shortly after the injury or occurrence from which liability might be expected, constitutes an admission of guilt and is admissible in evidence as such.'' (Italics ours.)

In Gove v. Brockman, 138 Mo. App. 231, l. c. 236, in an opinion by ELLISON, J., the Kansas City Court of Appeals said:

''Defendant was asked, over defendant's objection, on cross-examination, if he had not conveyed property. As asked, the question

was improper. But it would be permissible to ask him on cross-examination if he had conveyed his property to avoid the payment of damages he may have considered he had incurred.''

This part of the opinion was approved by the St. Louis Court of Appeals in the case of Farmers National Bank v.. Haning, 10 S. W. (2d) 351. The above two cases are the only Missouri cases on this point that we have found and we believe they correctly declare the law.

We do not believe the law is such, that if a man has an automobile accident he cannot sell or trade his property for a valuable consideration without the fear of the transaction being used by his opponent as an admission against him.

In the closing argument respondent's counsel apparently sought to come within the rule announced by the Kansas City Court of Appeals, by supplying some missing evidence and drawing inferences in contradiction of the evidence.

The evidence does not justify the statement that he ''took everything out of his own name'' because there is nothing in it to warrant the conclusion that the automobile business was all the property the appellant owned. He may have owned other property sufficient to satisfy any judgment that the respondent may .have recovered against him. The statement that he incorporated his business, so a judgment against him would be uncollectible, is contrary to the evidence.

We believe the argument was wholly outside the issues in the case and was calculated to mislead and prejudice the jury against this appellant. Counsel should not be permitted in his argument to a jury to make statements which the pleading and evidence do not justify, and if counsel commits error in making such an argument it is presumed to be harmful unless clearly shown to the contrary. [State ex rel. v. Haid, 333 Mo. 1224, 64 S. W. (2d) 667.] We hold that this statement made by counsel in this case was prejudicial to the appellant.

It will be unnecessary to discuss appellant's other assignments of error, for the reason they all relate to the conduct of the defendant Seiling, and as the jury found for him, they will not, in all probability, recur.

For the error above discussed, the judgment of the trial court is reversed and remanded for a new trial. It is so ordered. All concur, except *Ellison, P. J.,* absent.