No. 14,722.

Denham Theatre, Inc. *v*. Beeler.

(109 P. [2d] 643)

Decided January 13, 1941.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. R. A. DICK, for plaintiff in error.

Mr. OMAR E. GARWOOD, Mr. MILTON C. GARWOOD, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is an action for damages growing out of the alleged negligence of defendant—engaged in operating a public theatre for the exhibition of motion pictures—specifically set out as follows: Failing to provide any lighting for the stairway or aisle in the upper balcony of its theater to enable plaintiff to see where to step while undertaking to find a seat; failure to provide any usher or other attendant to assist her in finding a seat, leaving her entirely unattended, to move in darkness; failing to use reasonable care to protect her from losing her balance and falling while attempting to negotiate a safe passage along defendant's steps and aisles. One of the defenses pleaded by defendant is contributory negligence. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $5,000, judgment upon which was duly entered in her favor. Defendant is here by writ of error, its counsel summarizing the assignments as follows: (1) Refusal of the trial court to grant defendant's motion for a nonsuit; (2) erroneous instructions; (3) excessive verdict.

No evidence was introduced by defendant. It is not disputed that plaintiff's testimony was sufficient to justify a submission to the jury of the question of the negligence of defendant. At the conclusion of plaintiff's case defendant moved for a nonsuit, based primarily upon the contention that plaintiff's own testimony and the evidence offered by her established the defense of

contributory negligence as a matter of law. This motion was denied, and we think the ruling, under the evidence, was proper.

We believe it desirable, to a better understanding of the issues involved, to briefly describe the situs of the accident, and the conduct of plaintiff, as these matters appear on the record: The unfortunate casualty occurred in the aisle of an upper balcony of a public moving picture theater; there was a very steep aisle, with a forty-five degree pitch extending downward eighteen or twenty steps; a darkened balcony, the aisles of which were without the customary electric globes under the arm-rests of the aisle seats to enable patrons to see their way in descending the steps; a dim light at the rear of the balcony disclosed only the tops of the first two steps, the remaining steps being practically invisible; the steps were quite slippery, and without rug or carpet, unlike many other similar places of amusement, and they were narrow, three to a row, and evidently patrons had to pass three steps for each seat handhold; there were no subdued aisle lights, commonly used by motion picture theatres in Denver, in the balcony where the accident occurred.

Relative to the conduct of plaintiff, the undisputed evidence reveals that before attempting to find her theatre seat she waited with her companion some five minutes in order that her eyes might become adjusted to the darkened environment of the balcony; she looked for, and sought the assistance of, an usher, but no usher was in the balcony; because she was wearing low-heeled shoes, she took precaution to precede her companion, who was wearing high-heeled shoes; she moved very slowly and cautiously, barely crept along, using her utmost efforts to avoid falling, and reached down to the adjoining handholds; since only the first two steps were visible, she felt her way carefully and cautiously; she appreciated the danger from darkness, but was unaware of the slippery condition or pitch of the steps, which

were not readily discoverable in the darkness. We must consider this evidence in a light most favorable to plaintiff, the prevailing litigant below.

■ Where all the facts bearing upon the question of contributory negligence are undisputed, and where they give rise to a single inference or conclusion concerning which all reasonable minds would agree, then the question becomes one of law. *Arps v. Denver*, 82 Colo. 189, 198, 257 Pac. 1094; *Olsen v. Edgerly*, 106 Ind. App. 223, 18 N.E. (2d) 937, 940.

In our opinion, there is evidence here from which there may be inferred more than one conclusion upon which reasonable minds would not agree. Presumably this was the view of the trial judge when he denied the motion for nonsuit and submitted the issue of contributory negligence to the jury. Under the circumstances, the defense of contributory negligence became one of fact for the jury, and the court rightly submitted the same to it for determination. The denial of the motion for a nonsuit was not error.

Defendant cites several cases in which reviewing courts have held as a matter of law that the plaintiffs were guilty of contributory negligence. The facts in the cited cases, however, are clearly distinguishable from those in the case at bar.

■■ The pertinent part of the court's instruction No. 2, the giving of which is assigned as error, reads as follows: "In order for you to reach the conclusion that the defendant has proven its allegation of contributory negligence on the part of the plaintiff, you must feel satisfied in your minds, after hearing and weighing all the evidence, that the evidence produced by the defendant as to such contributory negligence outweighs that produced by the plaintiff." We recognize it as a portion of a stock instruction usually given where the evidence introduced by the parties is conflicting. This is not such a case. All of the evidence submitted to the jury was produced by plaintiff. The objection interposed by de-

fendant to the giving of this instruction was as follows: "Defendant objects and excepts to the giving of Instruction No. 2, and particularly to that portion which reads, 'In order for you to reach the conclusion that the defendant has proven its allegation of contributory negligence on the part of the plaintiff, you must feel satisfied in your minds, after hearing and weighing all the evidence, that the evidence produced by the defendant as to such contributory negligence, outweighs that produced by the plaintiff,' for the reason that by such instruction it might convey to the jury the impression that unless the defendant produced evidence of contributory negligence they can not find the plaintiff guilty of contributory negligence, and because the instruction, under the peculiar circumstances of this case, wherein the defendant relied upon the plaintiff's own testimony to establish contributory negligence, should have also had incorporated therein the phrase, that the burden is upon the defendant unless such contributory negligence appears from the evidence offered by the plaintiff. The instruction is particularly prejudicial under the circumstances of the case when the phrase 'the evidence produced by the defendant' is analyzed, because, clearly, where the defendant produces no evidence except such as elicited from plaintiff's own witnesses, the jury might well believe that the defendant has failed to establish a case of contributory negligence because of its failure to produce witnesses to testify thereto."

This instruction, under the circumstances, was not a correct statement of the law. Where it may legitimately be inferred from plaintiff's own evidence that he was contributorily negligent there is no burden of proof resting upon defendant. This precise point was under consideration in *Denver City Tramway Co. v. Gustafson*, 21 Colo. App. 478, 494 (121 Pac. 1015), where it is stated: "Instruction No. 5, in so far as it advises the jury that 'unless the defendant has proven by a preponderance of the evidence that plaintiff was guilty of contributory

negligence, as defined in these instructions,' its finding should be for the plaintiff, omits the important qualification that this burden is not upon the defendant in case such negligence appears from plaintiff's own evidence. *Oliver v. Denver Tramway Co.*, 13 Colo. App. 543, 553; *Moffatt v. Tenney*, 17 Colo. 189; *Platte, etc. C. & M. Co. v. Dowell*, id. 376; *Colorado Midland Ry. Co. v. Robbins*, 30 Colo. 449." See, also, *Taylor v. Bamberger Electric R. Co.*, 62 Utah 552, 220 Pac. 695; *Cook v. Missouri Pac. Ry. Co.*, 94 Mo. App. 417, 68 S.W. 230, 232; *French v. Tebben*, 53 Ida. 701, 27 P. (2d) 474, 476.

It is highly probable that the jury was misled by the phase of this instruction No. 2, hereinbefore set out. It seems to us that laymen would construe it to mean that defendant was required to produce evidence of contributory negligence; and since no evidence was introduced by it, the jury could have reached the erroneous conclusion that defendant's failure in that regard eliminated the defense of contributory negligence. In view of the circumstances, that may have been the sole consideration that the jury gave to the defense of contributory negligence. The objection to the quoted portion of the instruction was specifically and formally presented on the trial before the instruction was given, and we see no way of escaping its implications. Where one instruction prescribes the true rule, and another imposes upon the defeated party a duty beyond what is required by the law the error is fatal. *Colorado & Southern Ry. Co. v. McGeorge*, 46 Colo. 15, 102 Pac. 747. Other instructions given on the requirement of ordinary care by plaintiff did not cure this erroneous statement of the law. In giving the instruction, especially in view of the specific objections raised thereto by defendant, the court committed prejudicial error. The facts of the case appearing in the record do not warrant a holding, as counsel for plaintiff contend, that there was no evidence tending to show negligence on her part. That, as we have already said, was a matter for the jury, under

122

proper instructions. In view of this conclusion, we do not deem it necessary to pass upon other questions argued in the briefs.

The judgment is reversed and the case remanded, with directions to grant a new trial.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE YOUNG dissent.