No. 17,820.

PERRY LUMBER COMPANY *v.* ELIGERIO RUYBAL.
(297 P. [2d] 531)

Decided May 21, 1956.   Rehearing denied June 11, 1956.

Mr. JOHN IRA GREEN, for plaintiff in error.

Mr. RICHARD V. ANDERSON, Mr. HENRY BLICKHAHN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF'S complaint was one to recover damages for personal injuries allegedly sustained by him while an employee of defendant at a sawmill and planing plant operated by defendant, said injuries being sustained, as alleged, on account of the negligence of defendant.

Defendant's answer contained four separate defenses: the first, consisted of admissions and denials, the second alleged contributory negligence on the part of plaintiff, the third that the injuries, if any, sustained by plaintiff "were the result of the sole negligence of plaintiff."

Trial was to a jury and resulted in a verdict in favor of plaintiff and from the judgment entered thereon the defendant brings the case here on writ of error.

Several grounds are urged for reversal of the judgment, but as we view the record it is necessary to consider only the one concerning the denial of the motion for a directed verdict in favor of defendant.

This case was not one under the workmen's compensation law. It appears that plaintiff was engaged with two other men in unloading lumber from railroad flat cars. This lumber was of lengths varying from 12 to 16 feet, in "bundles" and bound with a steel strap or grip in the

504

middle of each bundle. Plaintiff and one Midkiff were on the flat car and a man named Richardson was operating a "heister," which picked up the lumber and transferred it to the defendant's mill. Plaintiff testified that he was working on the last bundle on the railroad car and had placed a chain attached to the heister around the bundle when the steel strap "broke and the boards got my feet." At times in his testimony Ruybal (who was the only witness for plaintiff) accented the fact that the steel strap broke, and that some of the boards hit his leg, causing the fracture thereof. Plaintiff's testimony was most uncertain on the alleged negligence. We quote from his testimony:

"Q. Do you remember whether the bundle broke at all before you fell? A. I don't know that Mr. Green. Q. You say your feet stayed under the bundle? A. Well I fell backwards. Q. And the bundle came up on your foot did it? A. I don't know how it catch me, Mr. Green. Q. Well was this bundle over on top of your foot or leg? A. I just don't remember whether it was the boards or the bundle. Q. And you are sure the steel band on the bundle broke. A. Yes sir. Q. And some of the bundle fell loose and struck you? A. Yes sir. Q. You are sure of that? A. Yes sir."

Two witnesses for defendant testified that the accident happened when plaintiff was working on top of three bundles remaining on the railroad car. They also testified that the steel strap on each of these bundles was intact and not broken after the plaintiff was injured. Richardson, operator of the heister, testified that plaintiff and Midkiff tied the chain and "Lee gave me the signal and said tighten the chain * * * the lift was standing dead, it was still. * * * I just pulled the lever back and tightened the chain. Well, Lee he steps back on the two bottom bundles and had a crack in them, oh, probably four inches or so and at that his foot missed the crack and he fell over backwards and his head and shoulders was hanging off the crack and Bill Midkiff he just

stepped up there and got his hands under his shoulders like that and held him up and I went and pulled his foot out of this crack and Bill let him to the ground."

"Q. And what size strap was that, Mr. Richardson? A. It was about an inch. Q. And on this particular bundle after this accident where was the strap, was it intact or was it broken or what? A. No, the strap never did break. Q. Did you see any lumber fall off the bundle? A. No. Q. Did you see the bundle whether it came in contact with Mr. Ruybal or not? A. Positively not. Q. Positively not? A. Yes."

The other workman, Midkiff, was not available as a witness. Leon Perry of the Perry Lumber Company testified that he was immediately notified of the accident and within the matter of a few minutes was at the scene; that there were still three bundles on the railroad car; that none of them were broken and the straps on each of them were intact.

The case went to the jury on the testimony of these three witnesses. Plaintiff's case was tried, as though it was a proceeding before the Industrial Commission, where it would have been necessary to show only his employment, his injury in the course thereof and the resultant disability.

In passing, we refer to instruction No. 5 in which the jury was told: "* * * in order for you to find in favor of the plaintiff and against the defendant, you must find from a preponderance of the evidence that the defendant, Perry Lumber Company, or its employee, Jesse Richardson, was negligent and that such negligence was *a* cause of the accident." In order to be actionable the pleadings and proof must show the alleged negligence to have been the proximate cause of the accident, not merely "a" cause thereof.

It is manifest from a careful reading of the record that plaintiff's case was predicated on the theory that the steel strap broke causing some of the boards to strike has leg. His testimony was uncertain as to just

506

what happened. He failed in his attempt to prove negligence on the part of defendant. Defendant did not place the steel straps around the bundles, and the testimony of the only other witnesses to the accident, available at the trial, was that the strap did not break.

■ The mere happening of an accident is no proof of negligence on the part of either the person sought to be held liable for the injuries sustained, or the injured party. Plaintiff in the instant case elected to proceed on the theory of negligence on the part of defendant and the burden was upon him to establish such negligence by a preponderance of the evidence. This, our careful consideration of the record convinces us, he failed to do. Concluding, as we do, that plaintiff failed to prove negligence on the part of defendant we need not consider any of the other matters urged for reversal.

The judgment is reversed and the cause remanded with directions that plaintiff's complaint be dismissed.