No. 19,170.

CARL H. NOEL *v.* RUSSELL E. JONES, ET AL.,
AS ARVADA LANES.
(350 P. [2d] 815)

Decided April 4, 1960. Rehearing Denied April 18, 1960.

Mr. EDWARD A. JERSIN, Mrs. VICTORIA F. GROSS, for plaintiff in error.

Messrs. JANUARY, GILCHRIST & BLUNK, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

NOEL suffered an adverse verdict at the hands of a jury in his suit to recover damages for injuries sustained by reason of a fall alleged to have been occasioned by the negligence of the defendants. The negligence charged in the complaint was failure to remove an icy condition from the defendants' premises. As a consequence of the alleged condition, the plaintiff, a patron of defendants, in walking toward the entrance of the defendants' business, slipped upon the ice and fell.

Judgment was entered on the verdict, motion for new trial denied, and plaintiff is here seeking a reversal of the judgment on several grounds. Urged as error is the giving of several instructions over the objections of the plaintiff. Although the grounds for reversal present several serious questions, we deem it necessary to consider only two of them.

By Instruction No. 2 the trial court gave the traditional charge concerning plaintiff's burden of proof. This instruction was couched in terms requiring preponderating evidence by the plaintiff in order that he prevail. Instruction No. 24 advised the jury of the manner in which it could assess damages, and contained the following language: "Each element of the damages, like all of the facts, must be established by a preponderance of the evidence."

Among the instructions given was No. 17, which reads as follows:

"You are instructed that the plaintiff must prove actual or constructive notice of a dangerous condition on the part of defendants, in order to establish his claim.

"You are further instructed that there has been no

320

proof of actual notice and that in order to establish constructive notice on the part of defendants, the plaintiff must clearly and definitely establish that the defective condition, if any, complained of by plaintiff, was there long enough, and was of such dangerous character, that the defendants by the exercise of reasonable care, should have discovered and remedied it."

 Are the instructions consistent, or are they incompatible and even dissentient? If the latter, we must reverse the case because it is not our province to speculate on whether the jury followed the correct instruction or the incorrect one. *Colorado Co. v. McGeorge,* 46 Colo. 15, 102 Pac. 747; *Grant v. Varney,* 21 Colo. 329, 40 Pac. 771; *City of Boulder v. Niles,* 9 Colo. 415, 12 Pac. 632; *City of Denver v. Capelli,* 4 Colo. 25, 34 Am. Rep. 62.

No better statement of a guiding principle for this court has been made than that appearing in *Grant v. Varney,* supra:

" * * * But where, in the same charge to the jury, are found one instruction embodying a correct legal principle, and another instruction containing a contradictory statement upon the same proposition, which is not the law, there is error. For this court to attempt to speculate or determine which instruction the jury in such a case selected as stating the correct rule, and which they rejected as incorrect, would lead us upon an uncertain voyage, and would be to credit the jury with powers of legal discrimination superior to those possessed by the court which submitted for their guidance rules so essentially antagonistic."

It appears from the record in this case that the trial court properly instructed the jury that the burden of proof was upon the plaintiff "to establish all of the material allegations of the complaint by a preponderance of the evidence. * * *." To prevail in a negligence case calls for proof by a preponderance of evidence, and plaintiff assumes no greater burden. *Perry Lumber Co. v. Ruybal,* 133 Colo. 502, 297 P. (2d) 531.

■ The trial court also required the plaintiff to establish the element of constructive notice in support of his claim by clear and definite evidence. There is no point of reconciliation between the two burdens, since an onus calling for clear and definite evidence is in effect a direction to the jury that the matter must be proved beyond a reasonable doubt. *Beeler v. People,* 58 Colo. 451, 146 Pac. 762; *Olinger, etc. Ass'n v. Christy,* 139 Colo. 425, 342 P. (2d) 1000.

Language in the case of *Brent v. Bank,* 132 Colo. 577, 291 P. (2d) 391, stating that "it may be said that in order to establish constructive notice on the part of the bank, the plaintiffs must clearly and definitely establish that the ice in the parking lot was there long enough, and was of such dangerous character, that the bank, by the exercise of reasonable care, should have discovered and remedied it," should not be accepted at face value in view of the later statement in the opinion that "it was incumbent upon plaintiffs to establish by a preponderance of evidence that defendant had constructive notice of the ice on its parking lot in time to have remedied it or to have warned plaintiff wife of its existence." The latter statement clearly declares immemorial negligence law.

■ We doubt if anyone would dispute the correctness of the statement that "where one instruction prescribes the true rule, and another imposes upon the defeated party a *duty beyond what is required by the law* the error is fatal." (Emphasis supplied.) *Denham Theatre v. Beeler,* 107 Colo. 116, 109 P. (2d) 643. Such language has been sanctioned in cases involving incompatible instructions on the burden of proof. *Best v. The Rocky Mountain National Bank,* 37 Colo. 149, 85 Pac. 1124, 7 L.R.A.N.S. 1035; *Babcock v. Bouton,* 85 Colo. 327, 275 Pac. 908.

In its charge to the jury, the trial court gave the following direction:

"Although the law does not require you to infer that

322

a person becomes intoxicated from the taking of a drink of alcoholic liquor, you may consider such a fact, if proved, together with all other evidence throwing light upon the conduct and condition of a party, in determining whether or not he was under the influence of intoxicating liquor at the time of or immediately before the accident in question, and the effect, if any, of such influence upon the accident and injury."

This instruction has several infirmities. First, it does not connect intoxication or being under the influence with the occurrence, made the basis of the claim, and advise the jury how it may consider and evaluate such condition, if existent, with contributory negligence. Second, it is confusing in that it permits an inference of intoxication from the consumption of a drink of alcoholic liquor, and if satisfied of such as a fact (i.e., intoxication), to consider such fact together with other evidence, in determining whether plaintiff was under the influence of liquor. In other words, they may consider intoxication in determining whether he is under the influence. Third, it attempts to state an abstract proposition of law without indicating its possible application to the case on trial.

■ Intoxication is not necessarily negligence or evidence of negligence barring recovery. "The law refuses to impute negligence as of course to a plaintiff from the bare fact that at the moment of suffering the injury he was intoxicated." *Denver v. Reid,* 4 Colo. App. 53, 35 Pac. 269. To be a factor in this case, intoxication must have some relevance to contributory negligence.

It appearing that erroneous instructions have been given in this case, we must, and do, reverse.

Mr. Justice Moore and Mr. Justice Doyle concur.