Harold GILMORE, by his Next Friend,
Betty Jo Gilmore, Appellant,

v.

UNION CONSTRUCTION COMPANY,
a Corporation, Respondent.

No. 53762.

Supreme Court of Missouri,
Division No. 2.

April 14, 1969.

Richard K. Wilson, Church, Prewitt, Jones, Wilson & Karchmer, Springfield, for Harold Gilmore, plaintiff-appellant.

Mayte Boylan Hardie, William P. Sanford, Miller, Fairman, Sanford, Carr & Lowther, Springfield, for Union Construction Company, Defendant-Respondent.

STOCKARD, Commissioner.

In plaintiff's action for damages for personal injuries in the amount of $50,000, the jury verdict was for defendant and plaintiff has appealed. The only contentions of plaintiff are that prejudicial error resulted from defendant's oral argument and that an instruction is erroneous. Our statement of facts need not be in detail.

Plaintiff and his girl friend had been to a drive-in theater on the evening of November 12, 1965. After the show, and at about 12:30 o'clock of the following morning, plaintiff drove his father's 1966 Ford south from Springfield, Missouri, on Campbell Street Road past an intersection with Highway M for a distance of about one mile. He then turned around and started back toward Springfield. Defendant, under contract with the Missouri State Highway Commission, had been doing construction work on this area of Campbell Street Road. The contract provided that the highway should remain open to local traffic during construction, that defendant should build and maintain barricades at locations designated by the engineer of the Highway Department, and that defendant should "provide and maintain at his expense such signs, lights, watchmen and barriers, other than barricades, as may be necessary to properly protect the work and provide for safe and convenient public travel." On the morning of November 13, 1965, the construction work had been completed except for certain clean-up work. For a short distance south of the intersection with Highway M, Campbell Street Road was a dual lane divided highway, but the lanes then converged and the road consisted of two lanes with no median area between them. To the traveler going north on the undivided highway and approaching the portion with the median strip, the northbound lane veered off to the right where the divided highway began. After plaintiff had turned around and was driving north, he approached the place where the highway was divided. There was no center stripe on the highway, and no sign indicating that the northbound lane

veered to the right. If plaintiff had proceeded straight ahead he would have remained on the highway, but would have been proceeding northward on the southbound lane of the divided highway. However, he ran into the ditch in the median area and was injured.

Plaintiff's verdict directing instruction provided that the verdict should be for plaintiff if the jury believed that defendant "constructed and maintained an alteration in the highway, by dividing it from a two-lane roadway into a four-lane roadway, and by constructing a ditch in the median area," that "such alteration and division of the highway, and the ditch in the median was so constructed that persons using the highway, and approaching said division therein in a motor vehicle, in the exercise of the highest degree of care, were exposed to the danger of driving their motor vehicle into said ditch," and that "defendant knew, or should have known, of such danger," but it "failed to use ordinary care to warn of it." At the request of the defendant the trial court submitted plaintiff's contributory negligence in failing to keep a careful lookout, or in driving at an excessive speed, or that plaintiff knew or could have known that his vehicle was about to leave the traveled portion of the road in time thereafter to have slackened his speed and swerved but he failed to do so. Defendant does not contend on this appeal that plaintiff failed to make a submissible case, and plaintiff does not challenge the instruction on contributory negligence.

Plaintiff's first point is that the trial court erred in overruling his objection to defendant's argument that plaintiff did not have a driver's license at the time of trial, and assigns as reasons therefor that whether he had a license was immaterial and irrelevant, and that counsel "may not make unfair, misleading or prejudicial arguments on immaterial facts even though there was no objection to the testimony."

Plaintiff testified on direct examination concerning the occurrence of the accident

giving rise to his cause of action, and that at the time he was sixteen years of age. On cross-examination, without objection, plaintiff testified that at the time of the accident he had had a driver's license "probably three or four months," and that he had a driver's license that night. The following questions were then asked and plaintiff testified as follows:

"Q. Could I see your driver's license? I'd like to check the date it was issued.

"A. It's out in the car.

"Q. Out in the car? Are you telling me the truth?

"A. My permit is.

"Q. You don't have a driver's license?

"A. No."

No objection was made to any of the above questions. No motion was made to strike the answers, nor was there any request that the jury be instructed to disregard them. During defendant's argument to the jury the following occurred:

Mr. Sanford, counsel for defendant. "Now let's look—this young man is, by law, the court tells you, is required to exercise the highest degree of care regardless of how long he had been driving that automobile. Of course, he had been driving it three months, I think he said, and his testimony is somewhat dubious: he admitted he had been convicted since of careless and reckless driving, but the most illuminating thing he said: I don't have a driver's license now. I am operating on a permit and it's out in the car. I don't have a driver's license now.

"Mr. Church: Your Honor, I believe this is an improper closing argument.

"The Court: Overruled."

█ We agree with plaintiff, and defendant does not contend otherwise, that whether *at the time of the trial* he had a driver's license was immaterial to any issue

in the case. However, the parties, generally speaking, are entitled to comment in argument on the evidence in the record, Gathright v. Pendegraft, Mo., 433 S.W.2d 299, 317, but, "The mere fact that immaterial evidence is admitted without objection does not justify counsel in making an unfair, misleading, and prejudicial argument regarding such immaterial evidence." Amsinger v. Najim, 335 Mo. 528, 73 S.W.2d 214; Beer v. Martel, 332 Mo. 53, 55 S.W.2d 482.

█ It must be recognized that in the "rough and tumble" tactics of trial, zealous counsel may overstep the bounds of propriety in argument, and that every indiscretion should not automatically result in a mistrial. For this reason the rule has always been, with certain exceptions which we do not consider applicable here, see Critcher v. Rudy Fick, Inc., Mo., 315 S.W.2d 421, that by timely and sufficient objection the matter must be brought to the attention of the trial court so that corrective measures, if appropriate, can then be taken to remove the prejudice. What the trial court should do when confronted with a particular situation depends upon the nature of the argument, the form and character of the objection, the action requested of the court, the subsequent conduct of the offending counsel, and the issues and general atmosphere of the case. Edwards v. Lacy, Mo., 412 S.W.2d 419, 421. Improper statements in oral argument may be cured, in given circumstances, by withdrawal, reprimand or admonition, or by an instruction to the jury. But, except in those situations referred to in Critcher v. Rudy Fick, Inc., supra, if the matter is not brought to the attention of the court by timely and sufficient objection, the prejudicial effect, or possibility of prejudicial effect, is considered waived. A party is not entitled, in such a situation, to gamble on the verdict of the jury, and if he loses then assert in a motion for new trial or on appeal that prejudicial error resulted from the incident.

In this case counsel for plaintiff did no more than say: "I believe this is an improper closing argument," which at most was no more than "I object," and which generally is insufficient to present anything for review. Hoffman v. St. Louis Public Service Co., Mo., 255 S.W.2d 736; Donley v. Hamm, Mo., 98 S.W.2d 966; Heinbach v. Heinbach, 274 Mo. 301, 202 S.W. 1123. The reason for this rule is that the trial court should be advised of the basis of the objection. When not so advised any corrective ruling by it would necessarily result from the court taking action on its own initiative. The trial court overruled the objection of plaintiff, assuming the statement can properly be called that, but we do not know why. It may have been that the reference to "closing argument," which the argument was not, brought about the ruling. It may have been because the court considered the objection to have been insufficient, which it was, or that by reason of the reference to "dubious" testimony the court considered the argument to have been directed to plaintiff's credibility. Also, the trial court may have considered the argument not to have been unfair or prejudicial when based on testimony admitted without objection, at least when the objection to the argument did not present that issue to the court for its evaluation. By not sustaining the motion for new trial the court indicated that it did not consider the prejudicial effect of the transgression, in the light of all the surrounding circumstances, to be of sufficient severity to require a new trial. In a situation such as this, and in the absence of reasons compelling a different conclusion, an appellate court should defer to the evaluation of the incident by the trial court. Hancock v. Crouch, Mo.App., 267 S.W.2d 36. For the above reasons we find this contention of plaintiff not to merit a new trial.

Plaintiff asserts prejudicial error resulted from the giving of Instruction No. 7 at the request of defendant which was as follows:

"The issue of whether or not defendant should have painted a center stripe on the highway at and near the scene of the accident is withdrawn from the case and you are not to consider such issue in arriving at your verdict." [MAI 30.01]

Plaintiff contends that this instruction was erroneous because (1) it withdrew facts which had a legitimate bearing on the submitted negligence of defendant in failing to warn of a dangerous condition of the highway, (2) the jury should have been permitted to consider the absence of a center stripe in determining whether defendant was negligent in failing to warn of the dangerous condition by other means, and (3) the instruction confused and misled the jury because it caused the jury to believe they could not consider the absence of all lines or stripes and not only the center stripe.

Defendant was required by its contract to erect barricades at places designated by the engineer of the Highway Commission, and it did so. It was also required to provide and maintain "such signs, lights, watchmen and barriers * * * as may be necessary to properly protect the work and provide for safe and convenient public travel." However, the contract did not provide that defendant should paint a center stripe on the highway, and the engineer for the Highway Commission, who was plaintiff's witness, testified that defendant was to turn over to the Commission the completed portion of the highway covered by the contract without paint on it, and that the painting of a center stripe would be and later was done by maintenance employees of the Commission.

A center stripe, as that term was used in the testimony and in Instruction No. 7, referred to the permanent uniform marking on state highways designating lanes of travel which no one may place on a highway without written permission of the Commission, § 227.220 RSMo 1959, V.A.M.S. and defendant did not have that permission.

The instruction basically was correct, and if plaintiff feared that the generality of the instruction or the use of the term "center stripe" without further explanation could be misleading or confusing to the jury, he could have asked for an amplifying or clarifying instruction embodying his views. Terrell v. Missouri–Kansas–Texas Railroad Company, Mo., 327 S.W.2d 230; McDonald v. Plas, Mo.App., 401 S.W.2d 929. See also the recent case of State ex rel. Kansas City Power & Light Company v. Campbell, Mo.App., 433 S.W.2d 606, 607, 612. Instruction No. 7 did not withdraw from the consideration of the jury facts which had a legitimate bearing on the issue of negligence.

We find no merit to plaintiff's contention that by Instruction No. 7 the jury was prohibited from considering whether other means of warning should have been employed because there was no center stripe. The instruction withdrew only the issue of whether defendant should have painted a center stripe. Plaintiff could have argued consistently with the instruction that because there was no center stripe defendant should have maintained signs, lights or even a flagman, or have painted temporary diagonal alternating black and white stripes. For this reason we do not agree with plaintiff's contention that the instruction caused the jury to believe they "could not consider the absence of all lines or stripes on the highway and not just the absence of the center stripe." Plaintiff refers to a statement by defendant's counsel in argument to the jury that "The court itself * * * has eliminated from your consideration by Instruction No. 7, any issue as to whether or not there should have been any stripes put down on that highway by the Union Construction Company, and the Court in Instruction No. 7 tells you that you, in your deliberations, are not to consider that particular thing." This argument was too broad in its coverage, but plaintiff made no objection to it. The argument did not change the terms of the instruction. Plaintiff's remedy was to ob-

ject to the argument and ask for instructive relief from the court. He cannot remain silent in such a situation and then claim that the language of the instruction should be considered to have been changed by erroneous, but unobjected to, argument.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., and DONNELLY, J., and CLOYD, Special Judge, concur.

MORGAN, J., not sitting.