## No. C-748

## John Bush v. Benny S. Jackson

(552 P.2d 509)

Decided July 12, 1976.

Walter L. Gerash, P.C., Gary P. Sandblom, Jeffrey A. Springer, for petitioner.

Robert L. McDougal, Gertrude A. Score, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Bush v. Jackson*, 36 Colo. App. 101, 539 P.2d 1290 (1975), to determine an evidentiary question of first impression in Colorado. We affirm the court of appeals' reversal of the district court judgment, but for a different reason. We adopt an evidentiary rule contrary to a minority view adopted by the court of appeals.

Petitioner Bush and respondent Jackson were partners in a business enterprise. Animosity arose between the two, culminating in respondent shooting petitioner. Petitioner instituted suit to recover damages for injuries sustained from the gunshot. Respondent denied liability claiming that he had acted in self-defense.

Petitioner was permitted, over objection, to cross-examine respondent concerning disposition of his assets. Respondent admitted that shortly after the shooting, he placed all of his real property in the names of his wife and sister. He received no remuneration in exchange. He testified he was motivated to make the gift of property out of his affection for his wife and a desire to compensate his sister for taking care of their mother.

The trial judge instructed the jury that evidence of a property transfer, together with any rebuttal evidence, may be considered in determining whether these acts indicated a consciousness of liability on respondent's part.

The jury returned a verdict in favor of petitioner, awarding him $75,000 compensatory and $10,000 punitive damages.

The court of appeals reversed the judgment of the trial court and remanded the case for a new trial, holding that the transfer of property after an event could simply be the result of an understandable fear of an adverse outcome of impending litigation. The court of appeals dismissed the "consciousness of liability" theory proposed by petitioner as being a farfetched and uncertain legal conclusion. It stated that this evidence was irrelevant and prejudicial to respondent.

We do not adopt the court of appeals decision declaring the inadmissibility of this evidence. However, we find that the trial court's instruction to the jury on the relevancy of the evidence was error, thus requiring a new trial.

I.

The court of appeals in its decision adopted an extreme minority rule in holding that evidence of the transfer of petitioner's property was inadmissible. It gave considerable weight to the case of *Amsinger v. Najim*,

335 Mo. 528, 73 S.W.2d 214 (1934). That case, however, has been criticized as unsound in 2 *J. Wigmore, Evidence* 282 (3d. ed.) note 3, and in one jurisdiction. *See Johnson v. O'Brien*, 258 Minn. 502, 105 N.W.2d 244 (1960). The minority rule has apparently been adopted in only four jurisdictions. On the other hand the brief of petitioner cites twenty-four cases from fourteen jurisdictions holding that the evidence is admissible. *See* also Annot. 38 A.L.R. 3d 996.

▮ The court of appeals reasoned that a transfer of property after the occurrence giving rise to the damage claim could be innocently motivated. While this may be true, it is the relevancy of the evidence and not its sufficiency which determines its admissibility. The test of the relevancy of such evidence is whether it renders the claimed inference more probable than it would be without the evidence. According to this test, it does not matter that other inferences may be equally probable. It is for the jury to determine what motivated the transfer. We have held that evidence of flight may be shown as consciousness of guilt. *Bernard v. People*, 124 Colo. 424, 238 P.2d 852 (1951); *Jordan v. People*, 151 Colo. 133, 376 P.2d 699 (1962), *cert. denied* 373 U.S. 944, 83 S.Ct. 1553, 10 L.Ed.2d 699. Likewise, evidence of a transfer of property after an occurrence which may render that person liable in damages is admissible to show a consciousness of liability and a purpose to evade satisfaction of it. But such evidence does not establish negligence as a matter of law. *Cox v. Wright-Hennepin Co-operative Electric Association*, 281 Minn. 228, 161 N.W.2d 294 (1968).

## II.

▮ The trial court instructed the jury:
"You are instructed that the transfer of property by a person after the commission of an act which may render him liable in damages to another may be considered to show a consciousness of liability.
"However, the person effecting the transfer of property is entitled to explain the reason for the disposition of his property."
In giving this instruction, the court attempted to state an abstract proposition of law without indicating its possible application to the case on trial. The language of the instruction does not connect a "consciousness of liability" with the shooting which was the basis of the claim. *Noel v. Jones*, 142 Colo. 318, 350 P.2d 815 (1960). Further, the instruction was equivalent to solely an inference of respondent's guilt, and thus amounted almost to a directed verdict of liability.

It is also probable that the jury could have been misled by the second paragraph of the instruction. Such language could be interpreted to mean defendant must produce evidence absolutely explaining his action was due to a reason other than consciousness of guilt. Nevertheless a lack of a conclusive explanation of the transfer of the property would not nullify defendant's theory of self-defense.

The objection to the instruction was specifically and formally presented to the trial court before the instruction was given. Other instructions given did not cure the prejudicial error committed by tendering this instruction to the jury. *Denham Theatre, Inc. v. Beeler*, 107 Colo. 116, 109 P.2d 643 (1941).

We therefore affirm the decision of the court of appeals in reversing the trial court and remanding the case for a new trial, while reversing the evidentiary rule announced by the court of appeals' decision.

MR. JUSTICE LEE dissents.

MR. JUSTICE HODGES does not participate.