BRUCE HUGHES, INC., a Colorado
corporation, Plaintiff-Appellee,

v.

INGELS & ASSOCIATES, INC., a
Colorado corporation,
Defendant-Appellant.

No. 80CA1136.

Colorado Court of Appeals,
Div. II.

Sept. 23, 1982.

Sparks, Dix & Enoch, P.C., Kenneth Sparks, Colorado Springs, for plaintiff-appellee.

Strand & Meadows, P.C., Edwin Strand, Colorado Springs, for defendant-appellant.

PIERCE, Judge.

Defendant, Ingels and Associates, Inc., appeals a judgment entered in favor of plaintiff, Hughes, Inc., which awarded Hughes damages for injuries suffered because of the breach of a construction contract prior to completion of a condominium project. We affirm.

The parties entered into a construction agreement on August 11, 1978, concerning improvement of a subdivision. Hughes agreed to perform services as general contractor for Ingels, the owner and developer of the property, and to continue site work and commence construction of the first four of 42 planned units. Ingels was to pay Hughes the cost of each unit, as determined by Hughes. The parties agreed to a pay schedule based on a percentage formula of unit completion and time, which concluded with this paragraph:

"Should final agreement not be reached, all of Hughes' costs and expenses, including, but not limited to, profit and overhead, shall be paid by Ingels at the time it becomes clear that no final agreement will be reached."

On September 5, 1978, Hughes, by letter, tendered cost figures for the construction of each of the four units, to which Ingels responded with concern; nevertheless, Hughes continued construction, and Ingels made all progress payments.

In December, Ingels discharged Hughes as the general contractor of the project. In early January 1979, Hughes submitted a demand letter to defendant for the balance due it. Ingels refused to make this payment, and contacted Michael Collins, the architect of the project, to ascertain his opinion regarding money owed to Hughes at that time. Upon examination of the work completed, Collins concluded an amount was due which was less than that demanded by Hughes.

Thereafter, this action was filed and the matter was tried to a jury.

### I.

The principal issue on appeal is whether the evidence warranted use of a jury instruction which set forth the measure of damages applied when an owner breaches a construction contract prior to its completion. See Colo.J.I. 30:40 (2d ed. 1980). The instruction stated in part:

"To the extent that the actual damages have been so proved by the evidence, you shall award as such actual damages: (1) the contract price agreed upon by the parties (a) less any payments made by defendant on the contract and (b) less what it would have cost the plaintiff if he had completed the townhouse in accordance with the contract."

Ingels argues that no contract price was ever agreed to by the parties because their agreement had been an interim, not a final agreement.

The questions of finality or the existence of a contract are questions of fact properly submitted to the jury for determination. *Babcock v. Bouton*, 85 Colo. 327, 275 P. 908 (1929). Here, even though Hughes used estimates and bids to substantiate his final figure, the evidence was sufficient for the jury to determine that a final contract did exist and for it to select an amount as the contract price. *Westesen v. Olathe State Bank*, 75 Colo. 340, 225 P. 837 (1924).

Where, as here, a builder is prevented by an owner from completing a contract, and where he does not himself commit any breach, he is entitled to recover

damages sufficient to place him in the position in which he would have been had the breach not occurred. *Comfort Homes, Inc. v. Peterson,* 37 Colo.App. 516, 549 P.2d 1087 (1976). As the evidence was sufficient for the jury to make a final determination regarding the terms of the contract, the submitted jury instruction was proper.

### II.

Defendant also contends the trial court erred when it permitted plaintiff to call and cross-examine Collins, the architect, as a witness identified with an adverse party under Colorado Rules of Evidence 611(c). We disagree.

■ Whether leading questions are permissible is a question within the trial court's discretion. We find no abuse of discretion here.

Colorado Rules of Evidence 611(c) reads as follows:

"Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions."

■ The purpose of this rule is to enlarge that class of witnesses recognized as adverse, or identified with a party adverse, to one of the parties. This intent is demonstrated by the elimination of specific classes of adverse parties, including officers, directors, or managing agents of a public or private corporation from Rule 611(c). *Cf.* C.R.S. 1963, 154–1–16; Fed.R.Civ.Pro. 43(b).

If witness Collins may be characterized as adverse to Hughes under the more stringent Rule 43(b), it follows that Rule 611(c) would most certainly include him as either an adverse party or a witness identified with a party adverse to Hughes.

■ It is true not every employee of a corporation may be called as a witness identified with an adverse party; however, "managing agent" status may be found when individuals are in "some position of authority for the defendant corporation" and are "in charge of certain stages of business," in even a restricted geographical area. *Rea v. Ford Motor Co.,* 355 F.Supp. 842 (W.D.Pa.1973), *rev'd on other grounds,* 497 F.2d 577 (3d Cir.1974), *cert. denied mem.,* 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 106 (1974); *Hosie v. Chicago and North Western Ry. Co.,* 282 F.2d 639 (7th Cir. 1960), *cert. denied,* 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961); *see also* 10 *Moore's Federal Practice* § 611.03, n. 18 (1982). Collins should be characterized as a managing agent of this private corporation. *Fitzpatrick v. Philco Financing Corp.,* 491 F.2d 1288 (7th Cir. 1974).

The judgment is affirmed.

BERMAN and STERNBERG, JJ., concur.