**Stephanie L. STAHL, Plaintiff,**

v.

**SUN MICROSYSTEMS, INC.,
a Delaware corporation,
Defendant.**

**Civ. A. No. 90–F–1203.**

United States District Court,
D. Colorado.

Oct. 4, 1991.

Kathryn E. Miller, Miller & Leher, P.C., Robert J. Truhlar, Truhlar and Truhlar, Littleton, Colo., for plaintiff.

Steven J. Merker, Catherine S. Martinez, Davis, Graham & Stubbs, Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Defendant's objection to Plaintiff's use of leading questions on direct examination of witness Teresa Cox during trial. This case involves breach of contract claims and Title VII cause of action arising out of Stephanie Stahl's employment as a Sales Representative for Defendant Sun Microsystems. Tri-al began on June 10, 1991. On June 18, 1991, the jury returned a verdict for Plaintiff in the amount of $500,000.00 on the breach of contract claims. The Court held for the Defendant on the Title VII claim on June 27, 1991. *Stahl v. Sun Microsystems, Inc.*, No. 90–1203, slip op. (D.Colo. June 27, 1991). Both parties have filed notices of appeal.

During the course of the trial, Plaintiff called Teresa Cox as an adverse witness and requested leave to propound leading questions to Ms. Cox. Ms. Cox is a former employee of Sun Microsystems. She served as a district administrative secretary under Darrell Waters, Ms. Stahl's District Manager, between 1988 and 1990. Defendant objected to the use of leading questions on direct examination principally on the grounds that Ms. Cox is no longer affiliated with Sun. The court overruled the objection and allowed counsel to propound leading questions on both direct and cross-examination. We now expand on that ruling.

■ Rule 611(c) of the Federal Rules of Evidence permits leading questions on direct examination when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party. Fed. R.Evid. 611(c). Although Ms. Cox is no longer employed by Sun, she is clearly identified with Defendant, both through her previous employment and her ongoing relationship with Mr. Waters, a key witness who attended the trial on behalf of Sun. *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1477–78 (11th Cir.1984); *N.L.R.B. v. Southwestern Colorado Contractors Ass'n*, 379 F.2d 360, 364–65 (10th Cir.1967); *accord Bruce Hughes, Inc. v. Ingels & Assocs., Inc.*, 653 P.2d 88, 90 (Colo.App. 1982). Use of leading questions on direct examination of Ms. Cox is therefore appropriate.

■ Defense counsel may also propound leading questions of Ms. Cox on cross-examination. While leading questions should generally not be used by counsel in examining his or her own client, the scope and method of cross-examination is within the discretion of the trial judge. It is well

recognized that the Court may allow counsel to propound leading questions to his or her own witness when such witness has been called as an adverse witness by opposing counsel. *See* Advisory Committee Notes, 56 F.R.D. 183, 276 (1972); *Shultz v. Rice*, 809 F.2d 643, 654–55 (10th Cir.1986); *Ardoin v. J. Ray McDermott & Co.*, 684 F.2d 335, 336 (5th Cir.1982); *Oberlin v. Marlin American Corp.*, 596 F.2d 1322, 1328 (7th Cir.1979); Annotation, *Cross-examination by leading questions of witness friendly to or biased in favor of cross-examiner*, 38 A.L.R.2d 952 (1954 and Supp.1989 and 1991). It is within the trial court's discretion to allow leading questions of an employee of Defendant on cross-examination when that employee had been called by Plaintiff as an adverse witness. *Alpha Display Paging, Inc. v. Motorola Communications & Elec., Inc.*, 867 F.2d 1168, 1171 (8th Cir.1989); *Jojola v. Baldridge Lumber Co.*, 96 N.M. 761, 635 P.2d 316, *cert. denied*, 97 N.M. 140, 637 P.2d 571 (N.M.1981). As the Sixth Circuit has stated,

> [w]hile Federal Rule of Evidence 611(c) permits the use of leading questions when a party calls a witness identified with an adverse party, there is no complementary provision requiring such a witness to be cross-examined without the use of leading questions by the party to whom that witness is friendly. This matter is within the court's traditional discretion to control the mode of interrogation.

*Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 635 (6th Cir.), *cert. dismissed*, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978); *accord Burr v. Green Bros. Sheet Metal, Inc.* 159 Colo. 25, 409 P.2d 511, 513 (1966). In the exercise of our discretion, we find that the use of leading questions on cross-examination was proper. Under Fed.R.Evid. 611(a), the trial court has the discretion to implement approaches to ensure a fair, effective, and well-organized trial for the benefit of the fact finder.[1]

ACCORDINGLY, it is hereby ordered that Defendant's objection is OVERRULED. Counsel's utilization of leading questions on both direct examination and cross-examination of Ms. Cox was appropriate.

---

1. Fed.R.Evid. 611(a) provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, [and] (2) avoid needless consumption of time."